**UNITED STATES of America,**
**Plaintiff-Appellee,**
v.
**Donald J. GOINES, Defendant-Appellant.**
**No. 17117.**

United States Court of Appeals
Sixth Circuit.
April 13, 1967.

**576**

Marshall C. Hill, Detroit, Mich., for appellant.

Milton J. Trumbauer, Jr., Detroit, Mich., for appellee, Lawrence Gubow, U. S. Atty., Howard E. O'Leary, Asst. U. S. Atty., Detroit, Mich., on brief.

Before O'SULLIVAN, CELE-BREZZE, Circuit Judges, and BAT-TISTI, District Judge.

PER CURIAM.

Defendant-appellant Goines and a co-defendant were charged in a four-count indictment with the following offenses: Count 1, possession and custody of, and having under their control, an unregistered still, in violation of 26 U.S.C. § 5601(a) (1); Count 2, possession, with intent to use, a still for the purpose of producing distilled spirits in a dwelling house, in violation of 26 U.S.C. §§ 5178 (a) (1) (B) and 5601(a) (6); Count 3, unlawful possession of property with intent to violate 26 U.S.C. § 5222(a) (1) (forbidding "mash, wort, or wash" to be fermented on any premises other than on the bonded premises of a distilled spirits plant) and § 5180 (requiring a sign on the premises of a still), in violation of 26 U.S.C. § 5686(a); Count 4, unlawfully working in a distillery for the manufacturer of distilled spirits, at which no sign had been placed and kept, in violation of 26 U.S.C. § 5681(c). Upon trial before a jury, appellant was found guilty on all counts and was sentenced to eighteen months imprisonment on each count, the sentences to run concurrently.

Appellant seeks reversal, first, upon a claim that there was insufficient evidence for submission of his guilt to the jury and, second, because the District Judge erred in reading to the jury the statute which provides for presumption of guilt arising from a defendant's presence at a still.

### 1) Sufficiency of evidence.

■  The evidence presented was sufficient for the jury to find defendant Goines guilty beyond a reasonable doubt. We will not review all the testimony and exhibits that were introduced by the government. In summary, it appeared that Goines, under an assumed name, rented the lower flat of a two family dwelling in Detroit, Michigan. His landlady refused to lease him the upstairs apartment as well, but she did give him the keys to it. Goines soon called her and said that he, in turn, had let the upstairs flat for her to a "Johnnie Young," an individual who worked for the Ford Motor Company. Later investigation revealed that no such person was employed there.

Subsequently, an agent for the Alcohol and Tobacco Tax Division of the United States Treasury Department detected the odor of fermenting whiskey mash coming from the building Goines had rented, and the premises were immediately placed under surveillance. Goines was observed at one time carrying two cement blocks into the second floor apartment, and on the next morning he and another person (the co-defendant) were seen entering the upstairs flat together. They remained inside for some twenty minutes. Shortly thereafter Goines was seen assisting his co-defendant in delivering fuel to the apartment. That same day Goines was arrested on his way to work and the building searched under authority of a search warrant. A stillpot was discovered on the second floor, propped up on cement blocks. It contained a hundred gallons of sugar solution. Various barrels and jugs, some with whiskey mash inside, and empty sugar bags were strewn about. Numerous sugar bags were also found on the first floor.

From the foregoing, we conclude that there was ample evidence to convict.

### 2) Instructions on statutory presumption.

■ The District Judge charged the jury, with respect to counts one and four of the indictment, that under the applicable statutes the mere presence of the defendants at the still premises would be sufficient to allow a verdict of guilty unless the evidence in the case provided a satisfactory explanation for such presence. At the time of the trial, the Supreme Court decision in United States v. Romano, 382 U.S. 136, 86 S.Ct. 279, 15 L.Ed.2d 210 (1965), had not yet been announced. That opinion held that the statutory presumption in 26 U.S.C. § 5601(b) (1),[1] used to authorize conviction of a Section 5601(a) (1) charge of either possessing, controlling, or having under one's custody an unregistered still, was unconstitutional. Consequently, a finding of guilt on count 1—that possibly resulted from reference to the statutory presumption—may not stand.

■ But this conclusion does not threaten the integrity of the judgment, and the convictions and sentences entered on counts two, three and four cannot be overturned solely because the count one conviction has been impugned. Claassen v. United States, 142 U.S. 140, 146, 12 S.Ct. 169, 35 L.Ed. 966 (1891). The Supreme Court has never ruled invalid the statutory presumption in 26 U.S.C. § 5681(d) applicable to count four, the section that would authorize a guilty verdict on the charge of unlawfully working in a distillery at which no sign had been kept, simply by showing defendant's presence at the site; indeed, in United States v. Gainey, 380 U.S. 63, 85 S.Ct. 754, 13 L.Ed.2d 658 (1965), the Court specifically found constitutional a similar provision relating to a charge of carrying on a distillery business without a bond.

■ There was no presumption statute involved in the charge to the jury respecting counts two and three. We cannot accept appellant's assertion that the jury must have understood the judge's instructions to mean they could find defendant Goines guilty on all counts simply on the basis of the presumption, and not on the evidence. The District Judge carefully noted to the jury that four different offenses had been charged, each of which had to be dealt with separately. He mentioned the statutory presumption only in discussing two of them, as specified in the first and fourth counts of the indictment.

We vacate the conviction as to Count 1, but otherwise affirm the judgment.

---

1. Section 5601(b) (1) of 26 U.S.C. provides: "Whenever on trial for violation of subsection (a) (1) the defendant is shown to have been at the site or place where, and at the time when, a still or distilling apparatus was set up without having been registered, such presence of the defendant shall be deemed sufficient evidence to authorize conviction, unless the defendant explains such presence to the satisfaction of the jury * * *."