**UNITED STATES of America,**
**Plaintiff-Appellee,**

**v.**

**John LOOKRETIS, Defendant-Appellant.**

**No. 16088.**

United States Court of Appeals
Seventh Circuit.

Oct. 11, 1967.

Rehearing Denied Nov. 15, 1967.

---

1. State v. Hutchins, 43 N.J. 85, 202 A.2d 678 (1964), aff'd after remand, 44 N.J. 49, 207 A.2d 163 (1965).

2. N.J.R.R. 3:2–3(a).

Maurice J. Walsh, Chicago, Ill., John Kappos, Gary, Ind., for defendant-appellant.

Alfred W. Moellering, U. S. Atty., Philip Wilens, Asst. U. S. Atty., Fort Wayne, Ind., Charles Ruff, Atty. Dept. of Justice, of counsel for appellee.

Before KNOCH, CASTLE and KILEY, Circuit Judges.

CASTLE, Circuit Judge.

The defendant-appellant, John Lookretis, prosecutes this appeal from a judgment order of conviction and sentence entered following a trial before the court without a jury on a three-count indictment each count of which charges him with violating 18 U.S.C.A. § 1952 and § 2 on a designated date. The case was tried upon a stipulation of facts, and exhibits admitted in evidence by stipulation.

On appeal the defendant predicates the existence of grounds requiring reversal on insufficiency of the indictment for failure to apprise the defendant of the nature and the subject matter of the alleged use of the wire facilities of the Western Union Telegraph Company; on insufficiency of the evidence to support the finding of guilt; on unconstitutionality of § 1952; and on a violation of his Fifth Amendment privilege against self-incrimination.

We perceive no merit in the defendant's attack upon the sufficiency of the indictment. It contains all of the elements requisite to charge an offense interdicted by the statute and the information necessary to apprise the defendant of what he must be prepared to meet. It meets the standards prescribed by Hagner v. United States, 285 U.S.

427, 52 S.Ct. 417, 76 L.Ed. 861, and United States v. Debrow, 346 U.S. 374, 74 S.Ct. 113, 98 L.Ed. 92. It is couched in language almost identical to that approved in Turf Center, Inc. v. United States, 9 Cir., 325 F.2d 793.

Defendant's contentions with respect to the insufficiency of the evidence from the standpoint of proof of "use" and "intent", and with regard to the constitutional infirmity of § 1952 on grounds of vagueness are the same as those rejected in our recent decisions in United States v. Miller, 7 Cir., 379 F.2d 483, and in United States v. Zizzo, 7 Cir., 338 F.2d 577, respectively. Those cases are dispositive of the similar contentions here advanced. Here, as in *Miller,* a Western Union tickertape service, contracted for by the defendant, furnished baseball scores which were then posted in connection with the operation of a baseball pool.

Defendant's additional argument that § 1952 infringes on rights protected by First Amendment guarantees of free speech and free press is wholly unpersuasive. It is clear that the statute places no restriction on the dissemination of news—the scores of baseball games—by Western Union or others. It does prohibit the use of an interstate wire facility with intent to promote illegal activity, and it is well within the power of Congress to so insure the integrity of channels of interstate commerce by such a prohibition.

Defendant's remaining contention is that his conviction should be reversed for the reason that it rests in part on evidence in the form of disclosures compelled by the federal wagering tax statutes (26 U.S.C.A. § 4411 and § 4412) which require the registration of persons engaged in the business of accepting wagers and impose a tax with respect thereto. Defendant asserts that such evidence is consequently inadmissible by reason of the Fifth Amendment privilege against self-incrimination.

Although the stipulation upon which the case was tried does contain a recital which serves to establish that defendant made application for and was issued a federal wagering tax stamp showing that he and one Anthony Oppolo were partners in the operation of the Forsythe Club (the East Chicago, Indiana, location at which the baseball pool was operated) during the period which includes the dates of the offenses charged, it was further stipulated that "public records, federal tax returns and federal tax stamp application" established that during such period the defendant was a business partner of Oppolo in the enterprise known as the Forsythe Club. In addition, the stipulation further established that the business carried on at the Forsythe Club among other gambling activities, included the baseball pool operated by the defendant and Oppolo, and that records of the Western Union Telegraph Company show that the defendant contracted with it for the supplying of the sports information by Western Union ticker. Inasmuch as the stipulation otherwise, and wholly apart from and independent of the recital concerning the application for and issuance of the federal wagering tax stamp, established the fact of defendant's partnership in the operation of the baseball pool we do not reach the Fifth Amendment constitutional issue defendant seeks to tender. No substantial right of the defendant is involved where, as here, the disclosure complained of was merely cumulative of other competent evidence and did not, even if erroneously admitted,[1] prejudice defend-

---

1. We do not infer that the admission of evidence disclosed by the compulsion of §§ 4411 and 4412 is precluded by the Fifth Amendment privilege. We merely indicate that any reappraisal of *United States v. Kahriger,* 345 U.S. 22, 73 S.Ct. 510, 97 L.Ed. 754, and *Lewis v. United States,* 348 U.S. 419, 75 S.Ct. 415, 99 L.Ed. 475, which cases upheld the constitutionality of these sections, which may occur in connection with *Marchetti v. United States,* No. 38, October Term 1966, and *Grosso v. United States,* No. 181, October Term 1966, currently pending before the Supreme Court of the United States and scheduled for re-

ant's right to a fair trial, particularly in the absence of a jury. Rule 52(a), Federal Rules of Criminal Procedure (18 U.S.C.A.); Butler v. United States, 7 Cir., 138 F.2d 977, 980.

The judgment order appealed from is affirmed.

Affirmed.

argument during the October 1967 Term [388 U.S. 903, 904, 87 S.Ct. 2094, 2097, 18 L.Ed.2d 1343], would not require a reversal of defendant's conviction.