Laverne ISAAC, Petitioner,

v.

UNITED STATES of America, Respondent.

C. A. No. 68–210.
Aiken Division.

Charles Whitted LEAVELL, Petitioner,

v.

UNITED STATES of America, Respondent.

C. A. No. 68–241.
Orangeburg Division.

Jack Simmons HORGER, Petitioner,

v.

UNITED STATES of America, Respondent.

Cr. No. 67–35.
Orangeburg Division.

United States District Court
D. South Carolina.

July 30, 1968.

William O. Kneece, Columbia, S. C., for Laverne Isaac.

Lowell W. Ross, Columbia, S. C., for Charles Whitted Leavell.

Joseph D. Sapp, Columbia, S. C., for Jack Simmons Horger.

Klyde Robinson, U. S. Atty., Columbia, S. C., and Thomas P. Simpson, Asst. U. S. Atty., Charleston, S. C., for the Government.

## ORDER

MARTIN, Chief Judge.

These matters are before the Court upon petitions for vacation or correction of sentence pursuant to 28 U.S.C.A. § 2255. Petitioners Leavell and Horger make alternative motions for reduction of sentence under Rule 35, Federal Rules of Criminal Procedure.

Petitioner Isaac was tried on an indictment which alleged that on the 24th day of March 1967, he possessed a firearm which had not been registered with the Secretary of the Treasury as required by 26 U.S.C.A. § 5841 in violation of 26 U.S.C.A. § 5851. A jury verdict of guilty was returned against Isaac and on October 27, 1967, he was sentenced to the custody of the Attorney General for a period of five years.

Petitioners Leavell and Horger were indicted in a seven count indictment on or about January 11, 1967, along with a third defendant, John Michael O'Berry, who is not now before the Court. In Count 1 all defendants were charged with a conspiracy in violation of 18 U.S.C.A. § 371 involving certain offenses in violation of 26 U.S.C.A. §§ 5801, 5802, 5811, 5814, 5821, 5851, 5854, 5861 and 7206 (4) and 18 U.S.C.A. § 2. In Count 7 of the indictment, it was charged that Horger, aided and abetted by Leavell, possessed sixteen unregistered firearms in violation of 26 U.S.C.A. §§ 5851 and 5861 and 18 U.S.C.A. § 2. In Counts 2 and 4 of the indictment, Horger was charged with possession of firearms which had not been registered with the Secretary of the Treasury as required by 26 U.S.C.A. § 5841 in violation of 26 U.S.C.A. §§ 5851 and 5861. In Counts 3 and 5, Horger was charged with selling and transferring firearms without having paid a transfer tax imposed upon the transferor

in violation of 26 U.S.C.A. §§ 5811, 5851 and 5861. In Count 6 of the indictment, it is charged that Horger and O'Berry, aided and abetted by each other, carried on the business of a dealer in firearms without having paid the special tax imposed on such occupation by 26 U.S.C.A. § 5801, and without having registered for such place of business with the District Director of Internal Revenue at Columbia, South Carolina, pursuant to 26 U.S.C.A. § 5802 and regulations thereunder, in violation of 26 U.S.C.A. §§ 5801, 5802, 5854, 5861 and 18 U.S.C.A. § 2.

It is noted that each petitioner was tried, convicted and sentenced prior to the decisions of the United States Supreme Court handed down January 29, 1968, in the related cases of Haynes v. United States, 390 U.S. 85, 88 S.Ct. 722, 19 L.Ed.2d 923, Marchetti v. United States, 390 U.S. 39, 88 S.Ct. 697, 19 L.Ed. 2d 889, and Grosso v. United States, 390 U.S. 62, 88 S.Ct. 716, 19 L.Ed.2d 906.

■ Since entry of judgment, petitioner Leavell has suffered two post-myocardial infarctions. As a result he has not yet commenced service of his sentence. It is the government's contention that since he is not in custody he is not entitled to relief under 28 U.S.C.A. § 2255. It is true that the remedy under that section is available only to attack a sentence under which a defendant is then in custody. However, relief may be available by way of writ of error *coram nobis* when the circumstances are such as to compel such action to achieve justice. See United States v. Morgan, 346 U.S. 502, 74 S.Ct. 297, 98 L.Ed. 248 (1954); Kagen v. United States, 360 F. 2d 30 (10th Cir. 1966); Johnson v. United States, 344 F.2d 401 (5th Cir. 1965). The Court is of the opinion that such circumstances exist in the instant case and therefore will treat Leavell's petition as petition for writ of error *coram nobis*.

The next question raised by the government is whether an issue which could or should have been raised on direct appeal can be raised in a motion under 28 U.S.C.A. § 2255. It appears from the record that none of the petitioners in the instant proceeding raised the issue here involved by way of direct appeal.

■ Normally, an issue which could have been raised on appeal cannot be the subject of a motion collaterally attacking a conviction under 28 U.S.C.A. § 2255. However, there may exist exceptional circumstances as would warrant the Court in allowing relief under § 2255. As stated in United States v. Sobell, 314 F.2d 314, 322-323 (1963):

"Sunal v. Large, 332 U.S. 174, 67 S. Ct. 1588, 91 L.Ed. 1982 (1947), sheds as much light as anything. Applying the standards limned in that and other opinions of the Supreme Court as best we can, we shall assume *arguendo*—in all likelihood too favorably for appellant, and without qualifications which may well be needed in other factual settings—that he should have relief under § 2255 if he has shown (1) a significant denial of a constitutional right, even though he could have raised the point on appeal and there was no sufficient reason for not doing so, * * * ; or (2) a defect seriously affecting his trial, even though not of constitutional magnitude, if it was not correctible on appeal or there were 'exceptional circumstances excusing the failure to appeal, * * *.''

■ Applying these tests to the instant proceeding it is clear that petitioners are entitled to relief if the decision in *Haynes* is determined to be retroactive. It is also noted, that the failure to raise the issue on appeal cannot be considered a waiver of the privilege against self-incrimination. See Grosso v. United States, supra at 70, 88 S.Ct. 716. Neither would failure to raise the issue at the trial level be an effective waiver of the constitutional issue, Greenwood v. United States, 392 F.2d 558 (4th Cir., Feb. 9, 1968).

The Supreme Court has indicated *Haynes* should be given retroactive application. In a case which was consid-

ered after that decision was handed down and which involved the same question considered in *Haynes*, the United States Supreme Court remanded the case to the United States Court of Appeals for the Second Circuit for "further consideration in light of Haynes v. United States, 390 U.S. 85, 88 S.Ct. 722, 19 L.Ed.2d 923 * * *." Della Rocca v. United States, 390 U.S. 745, 88 S.Ct. 1443, 20 L.Ed.2d 274 (April 29, 1968). See also Forgett v. United States, 390 U.S. 203, 88 S.Ct. 898, 19 L.Ed.2d 1033 (March 4, 1968), in which on petition for rehearing the order of February 28, 1966, denying certiorari was vacated, petition for writ of certiorari was granted, the judgment of the Sixth Circuit Court of Appeals was vacated and the case remanded for further consideration in light of Haynes v. United States, supra.

In a similar case the United States Court of Appeals for the Fourth Circuit stayed proceedings pending a decision of the Supreme Court involving the constitutionality of registration, tax stamp, and excise tax requirements on wagering activities. After the *Marchetti* and *Grosso* decisions the Fourth Circuit reversed convictions of the defendants and ordered that they be discharged. Greenwood v. United States, supra.

■ The government relies on the cases of Johnson v. N. J., 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882 (1966), Linkletter v. Walker, 381 U.S. 618, 85 S.Ct. 1731, 14 L.Ed.2d 601 (1965), Tehan v. Shott, 382 U.S. 406, 86 S.Ct. 459, 15 L. Ed.2d 453 (1966), and Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967) as a basis for applying the rule of non-retroactivity. However, the overriding consideration in those cases is not present in the instant case, to wit, the significant impact retrospective application would have on the administration of justice. The Haynes decision does not affect persons convicted of a variety of crimes but only the crime specified by the Act. Neither does it affect convictions in state courts. Therefore, the number of defendants affected by retroactive application of *Haynes* would be few as opposed to those who would have been affected by retroactive application of Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081, 84 A. L.R.2d 933 (1961); Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, 10 A.L.R.3d 974 (1966); United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967) and Gilbert v. California, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178 (1967). The Court is of the opinion that in the interest of justice *Haynes* should be given retroactive application.

■ Having made this determination, it is clear that petitioner, Laverne Isaac, is entitled to have his conviction and sentence vacated in that the statutory offense upon which he was tried was specifically considered in *Haynes*. The requirement of registration of the firearm as provided in 26 U.S.C.A. § 5841 which is required for possession under 26 U.S. C.A. § 5851 violates petitioner's privilege against self-incrimination as guaranteed by the Fifth Amendment. Petitioners Leavell and Horger, however, are charged with statutory offenses other than those specifically considered in *Haynes*. The Court must determine, therefore, whether the constitutional privilege has been violated as to those offenses.

■ Upon reviewing *Haynes* this Court concludes that the Supreme Court restricted the application of the constitutional principle recognized by that case to 26 U.S.C.A. § 5851 as related to 26 U.S.C.A. § 5841, particularly in light of the following language from that case at page 98, 88 S.Ct. at page 731:

"We do not doubt, as we have repeatedly indicated, that this Court must give deference to Congress' taxing powers, and to measures reasonably incidental to their exercise; but we are no less obliged to heed the limitations placed upon those powers by the Constitution's other commands. We are fully cognizant of the Treasury's need for accurate and timely information, but other methods, en-

tirely consistent with constitutional limitations, exist by which such information may be obtained. (cases cited). Accordingly, nothing we do today will prevent the effective regulation or taxation by Congress of firearms."

See Sonzinsky v. United States, 300 U.S. 506, 57 S.Ct. 554, 81 L.Ed. 772 (1937), cited by the Court in connection with the above quote.

 Count 1 of the indictment in the instant case charges a conspiracy to violate various sections of the Firearms Act including § 5851 as related to § 5841. Since the Court cannot speculate as to the thinking process of the jury in arriving at a verdict of guilty as to Count 1, the conviction and sentence of Leavell and Horger as to that count must be set aside for the reason that the constitutionally tainted charge, i. e. violation of § 5851 as related to § 5841, was included along with charges which this Court has determined to be constitutionally valid, and the jury could have found sufficient evidence to arrive at a verdict of guilty as to the conspiracy count if they found only evidence of violating § 5851 as related to § 5841. Counts 2, 4, and 7 as to Horger and Count 7 as to Leavell each charge violations of § 5851 related to § 5841 and therefore the conviction and sentence as to those counts must be set aside. Counts 3, 5 and 6 as to Horger involve charges of violations of sections other than § 5851 as related to § 5841. Since this Court has determined that the Supreme Court restricted the constitutional limitation recognized by *Haynes* to § 5851 as related to § 5841, the conviction and sentence as to Counts 3, 5 and 6 is affirmed. The petitioner argues that since some of the counts of the indictment involve charges which violate petitioner's constitutional privilege, the entire indictment is tainted and the conviction and sentence as to all counts

should be set aside. However, in the charge to the jury the Court carefully explained each of the offenses charged in the various counts. Under the instructions of the Court the jury necessarily had to find sufficient evidence to arrive at a verdict of guilty as to Counts 3, 5 and 6 without taking into consideration evidence of violation of § 5851 as related to § 5841. See United States v. Goines, 375 F.2d 575 (6th Cir. 1967).

 It is therefore ordered that the conviction and sentence as to Laverne Isaac be vacated, the charge in the indictment be dismissed and that he be discharged. It is further ordered that the conviction and sentence as to Charles Whitted Leavell which involves Count 1 of the indictment be set aside, that his conviction and sentence which involves Count 7 of the indictment be vacated and the charge contained in that count be dismissed. It is further ordered that the conviction and sentence of Jack Simmons Horger which involves Count 1 of the indictment be set aside, that his conviction and sentence as to Counts 2, 4 and 7 of the indictment be vacated and the charges contained in Counts 2, 4 and 7 be dismissed. The conviction and sentence of Horger as to Counts 3, 5 and 6 is hereby affirmed. Since Leavell's sentence as to Count 1 has been set aside and his sentence as to Count 7 vacated, the alternative motion for reduction of sentence is moot. As to Horger's motion for reduction of sentence, no matter has been presented to the Court which would justify granting the motions and it is therefore denied. However, since the sentence imposed as to Count 1 has been set aside, the sentence as to Counts 2, 4 and 7 has been vacated and the charges contained therein dismissed, and the sentence imposed as to Counts 3, 5 and 6 is a probationary sentence Horger is entitled to be discharged and it is so ordered. Let copies of this Order be served upon the parties to this action.