**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**John LOOKRETIS, Defendant-Appellant.**

**No. 16088.**

United States Court of Appeals
Seventh Circuit.

July 15, 1968.

Rehearing Denied Sept. 10, 1968.

Maurice J. Walsh, Chicago, Ill., John Kappos, Gary, Ind., for defendant-appellant.

Alfred W. Moellering, U. S. Atty., Philip Wilens, Asst. U. S. Atty., Fort Wayne, Ind., for appellee; Jeffrey Cole, Charles Ruff, Attys., Dept of Justice, of counsel.

Before CASTLE, Chief Judge, KNOCH, Senior Circuit Judge, and KILEY, Circuit Judge.

CASTLE, Chief Judge.

The judgment order of this Court in United States v. Lookretis, 7 Cir., 385 F.2d 487, was vacated by the Supreme Court following its decisions in Marchetti v. United States, 390 U.S. 39, 88 S.Ct. 697, 19 L.Ed.2d 889; and Grosso v. United States, 390 U.S. 62, 88 S.Ct. 709,

19 L.Ed.2d 906, and the case remanded to this Court "for further consideration in the light of" Marchetti, and Chapman v. State of California, 386 U.S. 18, 87 S. Ct. 824, 17 L.Ed.2d 705.

The pertinent facts are adequately set forth in our previous opinion (385 F.2d 487) and need not be repeated here. The case was tried upon a stipulation of facts, and exhibits admitted in evidence by stipulation.

In disposing of the Fifth Amendment self-incrimination issue raised by the defendant's contention that his conviction rests in part on evidence in the form of disclosures compelled by the federal wagering tax statutes (26 U.S.C.A. § 4411 and § 4412) we concluded (385 F. 2d 489–490) that:

> "Inasmuch as the stipulation otherwise, and wholly apart from and independent of the recital concerning the application for and issuance of the federal wagering tax stamp, established the fact of defendant's partnership in the operation of the baseball pool we do not reach the Fifth Amendment constitutional issue defendant seeks to tender. No substantial right of the defendant is involved where, as here, the disclosure complained of was merely cumulative of other competent evidence and did not, even if erroneously admitted, prejudice defendant's right to a fair trial, particularly in the absence of a jury. Rule 52(a), Federal Rules of Criminal Procedure (18 U.S.C.A.); Butler v. United States, 7 Cir., 138 F.2d 977, 980."

■ In its brief on remand the government concedes that the "harmless-constitutional-error rule" promulgated in Chapman v. State of California, 386 U.S. 18, 22, 87 S.Ct. 824, 827, 17 L.Ed.2d 705, to the effect that:

> " * * * there may be some constitutional errors which in the setting of a particular case are so unimportant and insignificant that they may, consistent with the Federal Constitution,

be deemed harmless, not requiring the automatic reversal of the conviction."

is subject to a limitation that once a constitutional infraction has been shown, the government must "prove beyond a reasonable doubt that the error complained of did not contribute to the verdict obtained". Chapman, supra, p. 24, 87 S.Ct. p. 828.

■ In Marchetti it was held that nothing in United States v. Kahriger, 345 U.S. 22, 73 S.Ct. 510, 97 L.Ed. 754, and Lewis v. United States, 348 U.S. 419, 75 S.Ct. 415, 99 L.Ed. 475:

> " * * * now suffices to preclude petitioner's assertion of the constitutional privilege [against self-incrimination] as a defense to the indictments under which he was convicted. To this extent Kahriger and Lewis are overruled."

As we understand the impact of Marchetti on the instant case the stipulated disclosures compelled by defendant's compliance with the federal wagering tax statutes are inadmissible against him over his assertion of the constitutional privilege against self-incrimination. And in Grosso v. United States, 390 U.S. 62, p. 71, 88 S.Ct. 709, p. 715, it was pointed out:

> "Given the decisions of this Court in Kahriger and Lewis, supra, which were on the books at the time of petitioner's trial, and left untouched by Albertson v. SACB, supra [382 U.S. 70, 86 S.Ct. 194, 15 L.Ed.2d 165], we are unable to view his failure to present this issue as an effective waiver of the constitutional privilege."

■ The above quoted observation, which gives recognition to the pre-Marchetti force of Kahriger and Lewis, is equally apposite to any attempt to divine whether or not the compelled disclosures may have contributed to the finding of guilt made by the trial judge. We are unable to state that the record demonstrates beyond a reasonable doubt that the trial judge despite Kahriger and Lewis rejected the probative value of the compelled disclosures and relied

solely on other evidence which is not subject to the Fifth Amendment challenge. In view of this we are not persuaded by the government's argument that the trial judge must be presumed to have exercised his ability to discriminately treat the improperly admitted evidence without drawing any prejudicial inferences therefrom. Such argument overlooks the fact that the trial judge would have had no reason, in this pre-*Marchetti* trial, to regard the recitals of the stipulation concerning the application for and issuance of the federal wagering tax stamp as being inadmissible against the defendant on a Fifth Amendment challenge, which although not made was, nevertheless, in the posture of this case, not waived.

Under the circumstances of this case we have no basis for concluding that the error was harmless. That there was competent evidence upon which the trial court *might* have relied is beside the point. The trial judge had no reason to reject what the teaching of *Marchetti* has since established to be inadmissible on a proper assertion of the privilege against self-incrimination.

The District Court's judgment order of conviction and sentence is vacated, and the cause is remanded to the District Court for a new trial.

Vacated and remanded.

KNOCH, Senior Circuit Judge (dissenting).

I believe that the position set out in the original opinion of this Court by Chief Judge Castle is still the correct one. Wholly apart from and independent of the recital concerning the application for and issuance of the federal wagering stamp, the stipulation established the fact of the defendant's partnership in the operation of the baseball pool. The evidence to which exception is taken was merely cumulative. This was not a jury trial. The error was harmless and did not rise to such gravity as to require reversal of this conviction which was amply supported by competent evidence.