Frank ZIZZO, Petitioner-Appellant,

v.

UNITED STATES of America, Respondent-Appellee.

No. 18168.

United States Court of Appeals, Seventh Circuit.

Sept. 9, 1970.

Carl M. Walsh, Chicago, Ill., John Kappos, Gary, Ind., Maurice J. Walsh, Chicago, Ill., for appellant.

William C. Lee, U. S. Atty., Richard L. Keiser, Asst. U. S. Atty., Fort Wayne, Ind., for appellee.

Before SWYGERT, Chief Circuit Judge, MURRAH, Senior Circuit Judge [1] and CAMPBELL, Senior District Judge.[2]

CAMPBELL, District Judge.

This cause comes before this court on petitioner's appeal from an order of the district court denying his motion presented pursuant to 28 U.S.C. § 2255 and other post conviction relief provisions,[3] seeking to vacate a prior imposed sentence and judgment of conviction.

Petitioner ("Zizzo") and three co-defendants were convicted of traveling in interstate commerce with the intent to promote, manage or carry on etc., an unlawful activity, to wit, a gambling business illegal under the laws of the State of Indiana. 18 U.S.C. § 1952 and 18 U.S.C. § 2. The evidence in the case established that Zizzo operated a gambling business at various addresses in the State of Indiana. The government's proof against Zizzo also established that he employed three persons (co-defendants) in his gambling business who were residents of Illinois. The government's successful theory in convicting Zizzo was that his gambling operations in Indiana were the inducement for the interstate travel of his employees who were living in Illinois, and that he thus aided and abetted these three co-defendants in their travel and in their engaging in illicit gambling operations in Indiana.

In the course of his trial and over his objection federal wagering tax forms signed and filed by him as required by federal law (26 U.S.C. §§ 4401, 4411 and 4412) were introduced into evidence. His conviction was affirmed by this

---

1. Senior Circuit Judge Murrah of the United States Court of Appeals for the Tenth Circuit is sitting by designation.

2. Senior District Judge Campbell of the Northern District of Illinois is sitting by designation.

3. In the alternative of relief under § 2255, petitioner sought relief in the nature of error coram nobis or for relief under rule 35, F.R.Cr.P. or under 28 U.S.C. § 1651.

court. United States v. Zizzo, 338 F.2d 577 (6th Cir. 1964). In affirming, this court rejected the contention that the use of the wagering tax forms and returns as evidence in his case violated Zizzo's privilege against self-incrimination, citing Lewis v. United States, 348 U.S. 419, 75 S.Ct. 415, 99 L.Ed. 475 (1955); and United States v. Kahriger, 345 U.S. 22, 73 S.Ct. 510, 97 L.Ed. 754 (1953). These cases have since been overruled. Marchetti v. United States, 390 U.S. 39, 88 S.Ct. 697, 19 L.Ed.2d 889 (1968); and Grosso v. United States, 390 U.S. 62, 88 S.Ct. 709, 19 L.Ed.2d 906 (1968). In support of his motion to vacate his conviction, Zizzo contends that the rationale of the *Marchetti* and *Grosso* decisions should be applied retroactively and requires, under the facts of this case, that his conviction be vacated. In opposing petitioner's motion the government argues first that *Marchetti* and *Grosso* should not be given retroactive effect, and in the alternative, that their retroactive effect should not be applied to the facts of this case.

As to the retroactive effect of the *Marchetti* and *Grosso* decisions, we first note that the Supreme Court has not yet ruled on this question although the issue is presently before the Court in a number of cases which are awaiting argument. See United States v. United States Coin and Currency, Oct. Term, 1970 docket No. 5 and Mackey v. United States, Oct. Term, 1970 docket No. 36. Without attempting to predict how the Supreme Court may decide the issue, we find that this court has taken a firm position in favor of retroactive application in a very similar case. In United States v. Michael, 426 F.2d 1067 (7th Cir. 1970), we held that the Supreme Court's decision in Haynes v. United States, 390 U. S. 85, 88 S.Ct. 722, 19 L.Ed.2d 923 (1968) is to be applied retroactively. See also, United States v. Miller, 406 F. 2d 1100 (4th Cir. 1969). *Haynes* was decided the same day as *Marchetti* and *Grosso* and, adopting similar rationale, held that prosecution under statutes which require certain fire arms to be registered (26 U.S.C. §§ 5841 and 5851), violated the defendant's Fifth Amendment privilege against self-incrimination. We believe the same rationale applies to the wagering form and registration statutes which were the subject of the *Marchetti* and *Grosso* decisions, and accordingly we conclude that those decisions are likewise to be applied retroactively.

In support of its contention that retroactive application of *Marchetti* and *Grosso* should not affect the outcome of this case, the government relies on the decision of this court in Mackey v. United States, 411 F.2d 504 (7th Cir. 1969), cert. granted 396 U.S. 954, 90 S.Ct. 426, 24 L.Ed.2d 419 (1969), Oct. Term, 1970 docket No. 36. The *Mackey* case also came before this court on an appeal from the district court's denial of a motion to vacate a sentence pursuant to § 2255. Mackey was convicted of income tax evasion. His prosecution proceeded upon a net worth theory under which the government was required to prove a likely source giving rise to the unreported income. Holland v. United States, 348 U.S. 121, 138, 75 S.Ct. 127, 99 L.Ed. 150 (1954). The probable source of Mackey's unreported income was gambling. To prove this source the government offered into evidence numerous wagering tax returns filed by Mackey during the years in question.

In affirming the district court's denial of Mackey's motion to vacate his conviction on the basis of the *Marchetti* and *Grosso* decisions, this court held that while *Marchetti* and *Grosso* may be applied retroactively to defendants who have been prosecuted for failure to file wagering tax returns, it need not be applied retroactively to Mackey's case, because he was not charged with failure to file returns or with a gambling offense.

"Here the defendant was charged not with failure to file the returns, nor even of a crime of gambling, but of evasion of income taxes. The purpose of the rule of *Marchetti* and *Grosso* has no application to warrant retroactivity here. Its object was to

protect the individual against self-incrimination under the 'comprehensive system of federal and state prohibitions against wagering activities * * *.' Marchetti v. United States, 390 U.S. 39, 48, 88 S.Ct. 697, 703, [19 L.Ed.2d 889] (1968)" (411 F.2d at 509).

The court then concluded that in Mackey's case, "the returns were no more incriminating than a report of any lawful business activity as a likely source of unreported income." 411 F.2d at 509. The court further concluded that under those circumstances the purpose of *Marchetti* and *Grosso*—"to protect the individual against self incrimination under the comprehensive system of federal and state prohibitions against wagering activities"—is "extraneous to the conviction and does not call for retrospective application." Id.

We find the facts of this case quite distinct from those before the court in *Mackey*. Zizzo was convicted of a gambling related offense. In short he was convicted under the "comprehensive system of federal and state prohibitions against wagering activities".

In United States v. Lookretis, 385 F.2d 487 (7th Cir. 1967) the defendant was convicted of an identical offense. The defendant there raised the same argument that Zizzo raised in his initial appeal, i. e., that the introduction of wagering tax forms violated his constitutional privilege against self incrimination. As in this case, this court originally rejected the argument on the basis of the *Lewis* and *Kahriger* decisions. The Supreme Court granted certiorari in that case, but before the Court heard arguments, *Marchetti* and *Grosso* were decided. The Supreme Court then vacated and remanded the case to this court for consideration in light of those cases. 390 U.S. 338, 88 S.Ct. 1097, 19 L.Ed.2d 1219 (1968). Upon reconsideration this court vacated the conviction and remanded the case for a new trial, stating: "As we understand the impact of *Marchetti* on the instant case the stipulated disclosures compelled by de-

fendant's compliance with the federal wagering tax statutes are inadmissible against him over his assertion of the constitutional privilege against self incrimination." United States v. Lookretis, 398 F.2d 64, 65 (7th Cir. 1968).

Here, too, we believe that the disclosures compelled by petitioner's compliance with the wagering tax statutes are inadmissible over his assertion of his privilege against self incrimination and their admission in this case must void his conviction. Although the *Lookretis* case was not complicated by the retroactive question, we believe the result we reach here logically follows our conclusion above that *Marchetti* and *Grosso* are to be applied retroactively. We also note that our distinctions of *Mackey* and our reliance on *Lookretis* are similar in approach to the position taken by the Solicitor General in the brief for the United States filed before the Supreme Court in the *Mackey* case. In discussing the limits of the application of *Marchetti* and *Grosso*, the Solicitor General states:

"Although the Court did not decide the question in *Marchetti* and *Grosso*, the introduction of wagering tax forms against a gambler in a prosecution for violation of a statute that is part of the 'comprehensive system of federal and state prohibitions against wagering activities' (Marchetti v. United States, *supra*, 390 U.S. at 48, 88 S.Ct. 697, 19 L.Ed.2d 889) presumably would be barred by the privilege against self-incrimination. See United States v. Lookretis, 398 F.2d 64 (C.A. 7). This result would seem to follow because such a statute is one of those that led the Court to conclude that the privilege could be asserted as a defense to the charge of failing to pay the occupational or excise tax on gambling, since otherwise incrimination thereunder would potentially result. But the federal income tax laws are not part of that comprehensive statutory system." (Brief, p. 24).

The government attempts to further distinguish *Lookretis* by arguing that

the wagering tax returns were introduced only to prove Zizzo's knowledge that his employees resided in Illinois—a fact which may not be essential to the crime. See United States v. Miller, 379 F.2d 483 (7th Cir. 1967). In other words, the wagering tax returns were "unnecessary to prove the elements of the offense".

"* * * [h]ad they not been admitted into evidence, the proof of the required elements of the offense would remain the same and the trier of fact could not have conceivably arrived at a different verdict."

We find this contention,—apparently a variation of the clearly inapplicable harmless error doctrine—based more on speculation than reality. See United States v. Lookretis, 398 F.2d 64, 65–66.

For the reasons stated herein the decision of the district court is reversed and the judgment order of conviction is ordered vacated and the cause is remanded to the district court for further proceedings consistent with this opinion.