Richard A. LAUCHLI, Jr., Petitioner-Appellant,

v.

UNITED STATES of America, Respondent-Appellee.

No. 17480.

United States Court of Appeals, Seventh Circuit.

Sept. 16, 1970.

Anthony F. Granucci, San Francisco, Cal., for petitioner-appellant; R. A. Hanning, T. E. Johnston, F. X. McCloskey, J. P. Mulroy, R. W. Robison, Bloomington, Ind., of counsel.

Frank J. Violanti, U. S. Atty., J. William Roberts, Asst. U. S. Atty., Richard E. Eagleton, U. S. Atty., Springfield, Ill., for respondent-appellee.

Before MAJOR, Senior Circuit Judge, and KILEY and FAIRCHILD, Circuit Judges.

FAIRCHILD, Circuit Judge.

Petitioner brought a motion to vacate sentences under 28 U.S.C. § 2255. The district court denied it and later denied reconsideration. Since no hearing was held, the question on petitioner's appeal is whether the motion, files, and records "conclusively show that the prisoner is entitled to no relief".[1]

Petitioner was convicted on twelve counts charging offenses under the National Firearms Act of 1934 and the Federal Firearms Act of 1938. He was originally sentenced to concurrent terms of imprisonment on four of the eight counts under the National act and the four under the Federal act.[2] He was in custody under those sentences when he made his motion. He had also been placed on probation on the other four counts, under the National act, to commence after service of the first sentences. After release from the first sentences, his probation was revoked and he is now imprisoned by virtue of the probation counts.[3]

Petitioner asserted that his sixth amendment right to assistance of counsel was impaired by matters arising both at trial and at the close of his appeal. Presumably this claim would affect all counts. He also asserted that provisions of the National act infringe upon his fifth amendment right not to be compelled to incriminate himself. This claim would affect only the counts under that act.

(1) *Assistance of counsel, trial court.*

Petitioner chose and employed his counsel at trial. The record indicates that defense counsel performed the normal role. Petitioner asserted several instances in which counsel did not comply with petitioner's wishes in the presentation of the case. Only one has been argued here.

Petitioner alleged that he asked counsel to call as a witness Mr. Scroggins, the government's trial attorney. Petitioner's claims as to testimony expected from Scroggins are vague. He says his request was "due to Scroggins' personal involvement in the pre-trial activities", and that "Scroggins could have told who decided the conference at Alton would be cut short and of behind the scenes activities with Alcohol and Tobacco Tax agents to manufacture a crime". It appears that one defense presented at trial was entrapment.

The fact, as claimed, that defense counsel was unwilling to call his opponent as a witness on the basis of assertions as vague as just quoted comes nowhere near the type of failure of counsel which would raise a sixth amendment question.

"The constitutional guarantee of the assistance of competent, effective counsel does not require perfection. That guarantee is such that the essential integrity of the proceedings as a trial is preserved * * * and the trial has not made a travesty of justice".[4]

"Ordinarily, one is deprived of effective assistance of counsel only in those extreme instances where the representation is so transparently inadequate as to make a farce of the trial. * * * This is especially true where, as here, the defendant chose and employed his own counsel".[5]

---

1. 28 U.S.C. § 2255.

2. The convictions were affirmed on appeal, United States v. Lauchli (7th Cir., 1966), 371 F.2d 303.

3. United States v. Lauchli (7th Cir., 1970), 427 F.2d 258.

4. United States v. Dilella (7th Cir., 1965), 354 F.2d 584; United States v. Stahl (7th Cir., 1968), 393 F.2d 101, 104, cert. den. 393 U.S. 879, 89 S.Ct. 181, 21 L.Ed. 2d 152.

5. Root v. Cunningham (4th Cir., 1965), 344 F.2d 1, 3, cert. den. 382 U.S. 866, 86 S.Ct. 135, 15 L.Ed.2d 104.

**(2) *Assistance of counsel, on appeal.***

Petitioner chose and employed another attorney to represent him on appeal, his trial attorney continuing to be an attorney of record. Petitioner alleged that his new counsel expressed himself inadequately in oral argument and omitted some material from the reply brief which petitioner thought should be included. The only deficiency argued on this appeal, however, is petitioner's claim that after the decision on appeal, counsel told him it would cost more money than petitioner had to take the case to the Supreme Court. It is argued here that counsel's failure to advise of the procedure for a petition for rehearing in this court and failure to say that an application for certiorari could be made in forma pauperis denied sixth amendment rights.

It is good professional practice, we think, for counsel to inform a client who has lost his appeal of the possibilities for further review. But applying principles similar to those considered above with respect to trial counsel, we do not think that failure to do so in a criminal case establishes a denial of a sixth amendment right. Certainly it does not where there is nothing to show that failure to petition for rehearing or for certiorari was clearly imprudent.

**(3) *The Marchetti, Grosso, and Haynes defense.***

Petitioner was sentenced November 29, 1965 and the judgment was affirmed on appeal December 5, 1966. In his § 2255 motion, petitioner asserted that provisions of the National act compelled him to incriminate himself, and he later cited the decisions on January 29, 1968 in *Marchetti, Grosso,* and *Haynes.*[6] The district court concluded those decisions were not retroactive.

We have, however, applied the principles of *Marchetti* to a conviction which took place before those decisions, although still in the process of direct review.[7] We have also applied the holding in *Haynes* in a collateral attack on a conviction which became final before *Haynes* was decided, and where defendant had not claimed that the provisions in the National act compelled him to incriminate himself.[8] Although *Haynes* involved an offense under the National Firearms Act, it did not directly involve the provisions under which petitioner was convicted, and *Marchetti* and *Grosso* involved entirely different statutes. Nevertheless, we think it follows, in logic and fairness, that if the basic principles of those decisions would benefit petitioner if applied to his case, he is entitled to such benefit.

The first requisite for application of *Marchetti, Grosso,* and *Haynes* is a statute which compels the recording or reporting of information where "the statutory obligations are directed almost exclusively to individuals inherently suspect of criminal activities".[9] As pointed out in *Haynes,*[10] "The [National Firearms Act's] requirements are applicable only to shotguns with barrels less than 18 inches long; rifles with barrels less than 16 inches long; other weapons, made from a rifle or shotgun, with an overall length of less than 26 inches; machine guns and other automatic firearms; mufflers and silencers; and other firearms, except pistols and revolvers, 'if such weapon is capable of being concealed on the person * * * ' 26 U.S.C. § 5848(1); Treas.Reg. § 179.20, 26 C.F.R. § 179.20. These limitations were apparently intended to guarantee that

---

6. 390 U.S. 39, 62, and 85, 88 S.Ct. 697, 709, 722, 19 L.Ed.2d 889, 906, 923.

7. United States v. Lookretis (7th Cir., 1968), 398 F.2d 64. Indeed the Supreme Court remanded this case to us for consideration in the light of *Marchetti,* 390 U.S. 338, 88 S.Ct. 1097, 19 L.Ed.2d 1219.

8. United States v. Michael (7th Cir., 1970), 426 F.2d 1067.

9. *Grosso,* 390 U.S. pp. 64, 68, 88 S.Ct. p. 713, *Marchetti,* 390 U.S. p. 52, 88 S.Ct. p. 704, and *Haynes,* 390 U.S. p. 96, 88 S.Ct. p. 729.

10. P. 87, 88 S.Ct. p. 725.

only weapons used principally by persons engaged in unlawful activities would be subjected to taxation".

*Haynes* dealt only with a conviction under 26 U.S.C. § 5851, for possession of a "firearm" which had not been registered as required by § 5841. The Supreme Court evidently determined that those who possess such weapons and are subject to the registration requirements are almost exclusively individuals inherently suspect of criminal activities. Although the provisions petitioner violated were mentioned by the Supreme Court in describing the framework of the act, the Court did not say that it considered the persons subject to those requirements as a suspect class. They may well be, but we have no information before us. The parties did not discuss this point in their briefs or oral argument, since they were preoccupied with the question of retroactivity. We do note that in Illinois, where petitioner operated, it is an offense, with exceptions relating to peace officers and military personnel, to sell, manufacture, purchase or possess any shotgun with a barrel less than 18 inches in length or a weapon from which more than 8 shots may be discharged by a single function of the firing device.[11]

26 U.S.C. § 5801, at the time of petitioner's alleged offenses, imposed a special tax on importers, manufacturers, and dealers in "firearms". § 5802 imposed a tax on each "firearm" transferred, which the transferor must pay by purchasing a stamp. § 5813 required that the stamp be affixed to the order form, required by § 5814. § 5814(a) made it unlawful to transfer a firearm except in pursuance of a written order from the transferee on a blank issued by the treasury on application of the transferee. These are the sections under which petitioner was found guilty.

If it can be fairly said as a matter of fact that importers, manufacturers and dealers in "firearms" are, as a class, almost exclusively individuals, inherently suspect of criminal activities, then, in our opinion, the principles of *Marchetti*, *Grosso*, and *Haynes* would apply to §§ 5801 and 5802 and petitioner's proper assertion of the privilege against self-incrimination, even though not made before conviction, would require setting aside his convictions under those sections. If transferors qualify as such class, and it would necessarily follow that they do if importers, manufacturers, and dealers do, the same result would follow with respect to convictions under §§ 5811 and 5813.[12] In Minor v. United States [13] the Supreme Court decided that the fifth amendment is not available as a defense to a charge of selling narcotic drugs and marihuana without the written order forms required by law. The statutes there considered are similar in some respects to § 5814(a), here involved. The availability of the fifth amendment defense to the counts under that section would have to be determined in the light of *Minor*.

Thus there remain for decision at least the following questions: (1) whether importers, manufacturers, and dealers in "firearms" are such suspect class, (2) whether transferors of "firearms" are such suspect class, and (3) whether the principle of *Minor* would save conviction of Lauchli under § 5814. These questions have not been briefed by the parties and (1) and (2) are in a sense factual. If it happens that some but not all the convictions must be set

---

11. 38 S.H.A. § 24–1, 1964 ed. and as subsequently amended.

12. Decisions holding that the *Marchetti*, *Grosso*, and *Haynes* principles apply to sections of the National act other than § 5851 are DePugh v. United States (8th Cir., 1968), 401 F.2d 346; Lauchli v. United States (8th Cir., 1968), 402 F.2d 455. Isaac v. United States (D.S.C., 1968), 293 F.Supp. 1096, 1100, holds that they do not. None of these decisions discusses the question whether the class of persons at which the other sections are aimed are inherently suspect. If they are, it seems to us the principles do apply.

13. (1969), 396 U.S. 87, 90 S.Ct. 284, 24 L.Ed.2d 283.

aside, it will be necessary to identify the particular counts with the sentences imposed, and the brief record before us does not contain this information. We therefore consider it appropriate to remand the cause to the district court to determine these three questions and any other necessary for a final decision.

The judgment is reversed and the cause is remanded for further proceedings consistent with this opinion.

This court expresses its thanks to Mr. Anthony F. Granucci, formerly a member of the faculty of the School of Law of the University of Indiana and now a member of the bar of California for his excellent service as appointed counsel.

MAJOR, Senior Circuit Judge.

I concur in the opinion with the reservation as follows: I would hold under the rationale of Minor v. United States, 396 U.S. 87, 90 S.Ct. 284, 24 L.Ed.2d 283; that any judgment or judgments based upon any count or counts which charge a violation of Secs. 5813 and 5814 be affirmed leaving to the District Court to identify such count or counts.