Bennie Lee DUGAN, Petitioner-Appellant,

v.

UNITED STATES of America, Respondent-Appellee.

No. 14646.

United States Court of Appeals Seventh Circuit.

Feb. 2, 1965.

Joseph A. Spitalli, Jerold S. Solovy, Chicago, Ill., for appellant.

Abraham A. Dash, Department of Justice, Crim. Div., Washington, D. C., Carl W. Feickert, U. S. Atty., E. St. Louis, Ill., Robert F. Quinn, Asst. U. S. Atty., Robert S. Erdahl, Atty., Department of Justice, Washington, D. C., for appellee.

Before SCHNACKENBERG, KNOCH and KILEY, Circuit Judges.

SCHNACKENBERG, Circuit Judge.

Bennie Lee Dugan, petitioner, has appealed from an order of the district court denying his motion under 28 U.S.C.A. § 2255 to vacate a judgment and sentence entered on July 31, 1962 on his plea of guilty, under which he was sentenced to five years imprisonment and fined $1,000.

Petitioner waived formal indictment and later pleaded guilty to an information which charged that on or about May 13, 1962, in violation of 26 U.S.C.A. §

5841, he possessed a firearm which was described as "a new long range Winner, 12 gauge single barrel shot gun, bearing serial number 152328, with barrel less than 18 inches in length" without having registered the same with the Secretary of the Treasury, or his delegate, as required by law.

Petitioner's § 2255 motion was based on the contention that 26 U.S.C.A. § 5841 violated his privilege against self-incrimination and was, therefore, unconstitutional. § 5841 provides:

"Every person possessing a firearm shall register, with the Secretary or his delegate, the number or other mark identifying such firearm, together with his name, address, place where such firearm is usually kept, and place of business or employment, and, if such person is other than a natural person, the name and home address of an executive officer thereof. No person shall be required to register under this section with respect to a firearm which such person acquired by transfer or importation or which such person made, if provisions of this chapter applied to such transfer, importation, or making, as the case may be, and if the provisions which applied thereto were complied with."

This language indicates to us that only when an individual is in possession of a firearm which has been made, transferred or imported in violation of the Act is he required to register. Statutory provisions which might be violated as to any particular firearm, as referred to in § 5841, may include the following:

(1) 26 U.S.C.A. § 5811, requiring payment of a tax upon the transfer of a firearm;

(2) 26 U.S.C.A. § 5812(b), relating to exemptions of certain transfers upon the making of specified disclosures and proof;

(3) 26 U.S.C.A. § 5813, requiring the affixing of stamps to show the payment of the transfer tax imposed by Section 5811;

(4) 26 U.S.C.A. § 5814, relating to the requirements for a transfer of a firearm;

(5) 26 U.S.C.A. § 5821, imposing a tax on and requiring a disclosure of the making of a firearm;

(6) 26 U.S.C.A. § 5844, relating to the exportation of firearms; and

(7) 26 U.S.C.A. § 5846, relating to the administration and enforcement of taxes and assessments.

If any of these applicable provisions has not been complied with, any person in possession of such a firearm must register it pursuant to § 5841. However registration under § 5841 does not merely constitute a compliance with that act, but may subject the person to prosecution under § 5851, which provides:

"It shall be unlawful for any person to receive or possess any firearm which has at any time been transferred in violation of sections 5811, 5812(b), 5813, 5814, 5844, or 5846, or which has at any time been made in violation of section 5821, or to possess any firearm which has not been registered as required by section 5841. Whenever on trial for a violation of this section the defendant is shown to have or to have had possession of such firearm, such possession shall be deemed sufficient evidence to authorize conviction, unless the defendant explains such possession to the satisfaction of the jury."

It is apparent that registration is required under § 5841 only where another section of the Act has not been complied with. Registration would be an admission that another section or other sections of the Act had been violated and might support a conviction by a court.

We agree with the contention of petitioner that the registration requirement of § 5841 violates the privilege against self-incrimination established by the fifth amendment to the United States constitution. Hence he was entitled in his § 2255 proceeding to have the judgment against him vacated.

In arriving at this decision we are in agreement with the 9th Circuit Court of Appeals in Russell v. United States, 306 F.2d 402 (1962).

The government argues, unconclusively we believe, that registration under § 5841 has never been used as a means of incriminating a registrant. The government further relies on its version of the history of § 5841 to refute the affirmation that registration necessarily incriminates the registrant. We cannot subscribe to this theory in view of the plain language which Congress has used.

The government further argues that a person in entirely innocent circumstances may come into possession of a firearm not previously made or transferred in compliance with the applicable provisions of the Act and his registration of a firearm so acquired would entail no incrimination. However we do not think that the fact that there might be cases where registration would not result in incrimination by the registrant is any answer to the contention that one who is required to register might thereby incriminate himself.

For these reasons we reverse the order from which this appeal was taken and we vacate the judgment of the district court convicting and sentencing petitioner.

Order reversed and judgment vacated.