UNITED STATES of America, Plaintiff-Appellee,

v.

Valmore J. FORGETT, Jr., Defendant-Appellant.

No. 16021.

United States Court of Appeals
Sixth Circuit.

Aug. 26, 1965.

---

5. F.S.A. Const. Art. 5, Sec. 6(3), supra.

6. 11 Remington on Bankruptcy Sec. 4712 (1961 Revision).

Charles J. Irwin, Newark, N. J., Baker, Hostetler & Patterson, Cleveland, Ohio, on brief, Carpenter, Bennett & Morrissey, Charles J. Irwin, Newark, N. J., of counsel, for appellant.

Robert J. Rotatori, U. S. Atty., Cleveland, Ohio, and Abraham A. Dash, Department of Justice, Washington, D. C., Merle M. McCurdy, U. S. Atty., Cleveland, Ohio, Robert S. Erdahl, Attorney, Department of Justice, Washington, D. C., on brief, for appellee.

Before WEICK, Chief Judge, MILLER, Circuit Judge, and McALLISTER, Senior Circuit Judge.

WEICK, Chief Judge.

Appellant Forgett was indicted for unlawfully shipping in interstate commerce fifty-two firearms without having them registered with the Secretary of the Treasury or his delegate, as required by section 5841 [1] of Title 26 U.S.C., in violation of Section 5855 [2] He entered a plea of guilty to the charge. Thereafter he was granted leave to withdraw

---

1. Sec. 5841, Title 26 U.S.C., provides:

"Every person possessing a firearm shall register, with the Secretary or his delegate, the number or other mark identifying such firearm, together with his name, address, place where such firearm is usually kept, and place of business or employment, and, if such person is other than a natural person, the name and home address of an executive officer thereof. * * * "

2. Sec. 5855, Title 26 U.S.C. provides:

"It shall be unlawful for any person who is required to register as provided in section 5841 and who shall not have so registered, or any other person who has not in his possession a stamp-affixed order as provided in section 5814 or a stamp-affixed declaration as provided in section 5821, to ship, carry, or deliver any firearm in interstate commerce."

his plea of guilty, and filed a motion to dismiss the indictment on the ground that Section 5841 was unconstitutional, in violation of his rights against self incrimination under the Fifth Amendment to the Constitution. The motion to dismiss was denied by the District Court in a memorandum opinion. Forgett was then tried and convicted by a jury. He was fined $2,000. and placed on probation for three years.

Forgett was a licensed dealer in firearms. He made arrangements with a trucking company to ship the firearms by tractor-trailer from Oconomowoc, Wisconsin, (where he had purchased them about two weeks previously from another licensed dealer), to Jersey City, New Jersey. No bill of lading was issued for the shipment. There were fifty or more automatic weapons of different makes and types, including foreign machine guns, machine pistols, American automatic weapons such as 50-calibre machine guns and a quad 50 anti-aircraft automatic weapon.

The tractor-trailer was loaded with weapons and left Oconomowoc for Cleveland on a Saturday evening. Upon arrival in Cleveland the truck driver was stopped by police because the tractor-trailer outfit was overloaded. The police asked to see the load because the driver had no bill of lading. When the police discovered the weapons, they arrested the truck driver and had the tractor-trailer moved to the Ravenna arsenal. A supervisor with the Alcohol and Tobacco Tax Division of the Internal Revenue Service, who had over twenty-one years' experience in enforcing the National Firearms Act, went to the Arsenal to inspect and examine the firearms. He made an inventory of the weapons which included their make, calibre and serial numbers. The list was then typed and sent to the Treasury Department in Washington for a registration check. That Department issued its Certificate to the effect that the weapons had not been registered. The Certificate was received in evidence.

A member of the Ohio National Guard test fired about thirty-six of the automatic weapons. He reported that four Browning 50 calibre machine guns, which had not been registered, were in operating condition. He also reported on several other firearms in operating condition and as to some which required the addition of a part.

The principal point raised by Forgett in his appeal was that Section 5841 violated the Fifth Amendment to the Constitution by compelling every person possessing a firearm, as defined by Title 26, Section 5848, to give evidence against himself, admitting violation of one or more sections of Chapter 53, for which there is a criminal penalty. He relied heavily on Russell v. United States, 306 F.2d 402 (C.A.9, 1962).

The constitutionality of the National Firearms Act as a taxing measure was upheld by the Supreme Court in Sonzinsky v. United States, 300 U.S. 506, 57 S.Ct. 554, 81 L.Ed. 772 (1937). Later the Act was held not to be in violation of the Second Amendment to the Constitution in United States v. Miller, 307 U.S. 174, 59 S.Ct. 816, 83 L.Ed. 1206 (1939). See also United States v. Decker, 292 F.2d 89 (C.A.6, 1961).

Although there was some confusion in Russell as to the nature of the offense charged in the information, the Court determined that the offense was failure to register the firearms, in violation of Section 5841. The Court reasoned that the act of registration was self-incriminating because under the presumption clause contained in the second sentence of Section 5851,[3] proof of possession es-

---

3. Sec. 5851, Title 26 U.S.C. provides:
   "It shall be unlawful for any person to receive or possess any firearm which has at any time been transferred in violation of sections 5811, 5812(b), 5813, 5814, 5844, or 5846, or which has at any time been made in violation of section 5821; or to possess any firearm which has not been registered as required by section 5841. Whenever on

tablishes *prima facie* a violation of that Section. Id. 306 F.2d 411.

■ We do not so read Section 5851. The second sentence referred to specifically states "* * * possession of such firearm". This refers to a firearm transferred in violation of any of the six sections mentioned in the first sentence, or to a firearm which has not been registered as required by Section 5841.

■■ In order to obtain a conviction for violation of Section 5851, the Government would be required to show something more than mere possession of the firearms. The statutory presumption alone would not be sufficient to make out a *prima facie* case. It would be necessary to prove that the firearms had been transferred in violation of one or more of the enumerated sections, or had not been registered. Waters v. United States, 328 F.2d 739 (C.A.10, 1964); Sipes v. United States, 321 F.2d 174 (C.A.8, 1963).

A similar presumption clause was considered by the Supreme Court in the recent case of United States v. Gainey, 380 U.S. 63, 85 S.Ct. 754, 13 L.Ed.2d 658 (1965), and was held not to deprive the trial judge of his normal powers with respect to submitting the case to the jury or granting a judgment notwithstanding the verdict. The presumption provided by the statute was merely a rule of evidence and was not conclusive. It did not prevent the jury from being properly instructed on the standard for reasonable doubt.

The Ninth Circuit subsequently distinguished Russell in Frye v. United States, 315 F.2d 491 (C.A.9, 1963) cert. denied 375 U.S. 849, 84 S.Ct. 104, 11 L.Ed.2d 76 and Starks v. United States, 316 F.2d 45 (C.A.9, 1963), on the ground that

Russell involved only a charge of failure to register firearms in violation of Section 5841, whereas in Frye and Starks the offense was possession of an unregistered firearm in violation of Section 5851. Frye and Starks were followed by the Eighth Circuit in Sipes v. United States, 321 F.2d 174 (C.A.8, 1963).

In the case at bar the gist of the offense was the unlawful shipment of unregistered firearms in interstate commerce. Forgett's failure to register the firearms would not have authorized conviction under Section 5855, if he had not made the shipment in interstate commerce. The reasoning in Frye, Starks and Sipes justifying the convictions for possession of unregistered firearms, applies with equal force here to a Section 5855 violation.

Nor do we understand that registration of the firearms by Forgett would have required him to admit criminality. Between the dates of purchase and shipment Forgett could have registered the firearms and the interstate shipment would then have been lawful. If it developed in connection with the registration that criminality might attach upon completion of his purchase, this would have furnished him with adequate ground for not going through with the deal. If the registration form contained questions, the answers to which he believed might tend to incriminate him, he could claim his privilege on the registration form. Cf. United States v. Sullivan, 274 U.S. 259, 47 S.Ct. 607, 71 L.Ed. 1037 (1927).

In our opinion the evidence was sufficient to support the judgment of conviction.

Affirmed.

---

trial for a violation of this section the defendant is shown to have or to have had possession of such firearm, such possession shall be deemed suffi-

cient evidence to authorize conviction, unless the defendant explains such possession to the satisfaction of the jury."