**Paul GREAR, Petitioner-Appellant,**

v.

**E. L. MAXWELL et al., Respondent-Appellees.**

**No. 16448.**

United States Court of Appeals
Sixth Circuit.

Feb. 9, 1966.

---

Paul Grear, in pro. per.

William B. Saxbe, Atty. Gen., Leo J. Conway, Asst. Atty. Gen., Columbus, Ohio, for appellee.

Before O'SULLIVAN, EDWARDS and CELEBREZZE, Circuit Judges.

PER CURIAM.

Appellant Paul Grear asks reversal of a District Court order which denied his petition for a writ of habeas corpus. Grear is confined in the Ohio State Penitentiary pursuant to a sentence imposed by the Common Pleas Court of Ashland County, Ohio.

In 1958 Grear was indicted on three counts: 1) Assault with intent to rape; 2) Aiding and abetting the delinquency of a minor child; and 3) Attempt to have carnal knowledge of a female person under sixteen years of age. Prior to the indictment, a complaint had been filed with, and a hearing commenced in, the Juvenile Court on a charge of contributing to the delinquency of a minor. After hearing evidence, the Juvenile Judge concluded that a felony had been committed over which the Juvenile Court lacked jurisdiction, Ohio Revised Code § 2151.-23(B). Thereupon, pursuant to Ohio Revised Code § 2151.43, he bound appellant over to the grand jury which returned the above indictment.

Before trial, Grear entered a plea of double jeopardy based on the proceedings that had been held in the Juvenile Court. To avoid any question about Count Two of the indictment, which charged aiding and abetting the delinquency of a minor child, such count was nol prossed. The prosecting attorney's demurrer to Grear's plea of double jeopardy as to Counts One and Three was sustained, Ohio Revised Code § 2943.06. Before trial and upon the suggestion of his own counsel that there could be a question as to Grear's sanity, the Common Pleas Court ordered his commitment to the Lima, Ohio, State Hospital for examination. We assume that such action was intended to conform to Sections 2945.37 and 2945.40 of the Ohio Code. Such commitment was for 30 days and being found sane, Grear was returned and stood trial before a jury. He was found guilty on Counts One and Three and was sentenced to one to fifteen years on each, the sentences to run concurrently.

This appeal is grounded on two points: 1) that Grear was put in jeopardy by the proceeding in the Juvenile Court and that his plea to that effect should have been sustained with a dismissal of Counts One and Three of the indictment; and 2) that appellant was illegally committed without a hearing for psychiatric examination prior to trial.

1. Double jeopardy.

Grear had earlier raised this question by habeas corpus applications to the Supreme Court of Ohio. This was denied on the ground that Grear had an adequate remedy to raise such question by appeal. In re Grear, 171 Ohio St. 18, 167 N.E.2d 503. Upon subsequent application for a delayed appeal, his conviction was sustained by the Ohio Court of Appeals for the Fifth District. The Supreme Court denied an appeal therefrom. State of Ohio v. Grear, 176 Ohio St. 218, 198 N.E. 2d 446.

The offenses charged in the first and third counts were separate and distinct from the charge in the Juvenile Court. When the hearing in the Juvenile Court disclosed facts which might establish an offense different from that presented to such court and over which that court would have no jurisdiction, in conformity with Ohio statutes, Grear was bound over to the grand jury. Ohio Revised Code § 2151.43. The Common Pleas Court had jurisdiction of the felonies charged in Counts One and Three. We are of the opinion that procedure followed in no way offended Grear's federally granted right to be free from double jeopardy. Bacom v. Sullivan, 200 F.2d 70, 71, 72, 73 (CA 5, 1952) cert. denied, 345 U.S.

910, 73 S.Ct. 651, 97 L.Ed. 1345 (1953); Cf. Diaz v. United States, 223 U.S. 442, 449, 32 S.Ct. 250, 56 L.Ed. 500, 503 (1911). Any claim that Counts One and Three in themselves involved a duplication which amounted to double jeopardy may be disposed of by observing that the sentences are concurrent. See Lowther v. Maxwell, 347 F.2d 941, 942 (CA 6, 1965).

2. Commitment to Lima State Hospital

▮ Whether the commitment to the hospital for psychiatric examination did or did not conform to the practice of Ohio Revised Code §§ 2945.37 and 2945.40 or whether such confinement violated any constitutional rights of Grear is not relevant in this habeas corpus proceeding. Grear is not now confined under such commitment. In this proceeding he seeks relief from a conviction and imprisonment which do not relate to or depend upon any findings of the allegedly illegal commitment and examination.

Judgment affirmed.