Arthur PRUITT, Petitioner-Appellant,

v.

UNITED STATES of America,
Respondent-Appellee.

No. 16746.

United States Court of Appeals
Sixth Circuit.

Aug. 18, 1966.

Arthur Pruitt, in pro. per.

Merle M. McCurdy, U. S. Atty., James L. Oakar, Asst. U. S. Atty., Cleveland, Ohio, on the brief, for appellee.

Before WEICK, Chief Judge, PHILLIPS, Circuit Judge, and CECIL, Senior Circuit Judge.

PER CURIAM.

This appeal is from an order of the District Court denying appellant's motion to vacate sentence filed under Title 28, Sec. 2255, U.S.C.

Appellant had entered a plea of guilty in the District Court to an indictment charging that he did possess a firearm which was not registered according to law in violation of Title 26, Sections 5851 and 5861, U.S.C. He was sentenced to imprisonment for three years and ten months.

 Pruitt claims that when he entered his plea of guilty, he was unaware that the section of the Code providing for registration of firearms (Title 26 U.S.C., § 5841) had been declared unconstitutional as requiring one in his situation to incriminate himself. Russell v. United States, 306 F.2d 402 (9th Cir. 1962). He also relies on Dugan v. United States, 341 F.2d 85 (7th Cir. 1965); United States v. Fleish, 227 F.Supp. 967 (D.C. Mich.1964); McCann v. United States, 217 F.Supp. 751, 752 (D.C.Colo.1963).

Russell and the other cases relied on by Pruitt charged violation of the registration section, § 5841. Pruitt was charged in the present case with possession of an unregistered firearm in violation of Section 5851. Section 5861 merely prescribes the penalty. The gist of Pruitt's offense was not that he failed to register the firearm, but that he possessed a firearm which had not been registered.

This distinction was pointed out in later decisions by the Ninth Circuit, which had decided Russell. They upheld convictions under Section 5851. Frye v. United States, 315 F.2d 491 (9th Cir. 1963); Starks v. United States, 316 F.2d 45 (9th Cir. 1963). In Sipes v. United

States, 321 F.2d 174 (8th Cir. 1963) the Court followed *Frye* and *Starks*.

We applied the same rule to an indictment under Section 5855 charging unlawful transportation of unregistered firearms in interstate commerce. United States v. Forgett, 349 F.2d 601 (6th Cir. 1965), cert. denied, 383 U.S. 926, 86 S.Ct. 929, 15 L.Ed.2d 845 (1966). See also Lovelace v. United States, 357 F.2d 306 (5th Cir. 1966).

Since Pruitt was charged with violation of Section 5851, he is not in position to attack the constitutionality of Section 5841. The decisions on which he relies are inapplicable.

The judgment of the District Court is affirmed.