**UNITED STATES of America, Plaintiff,**

v.

**Roger Joseph BOY, Defendant.**

**Cr. No. 9345.**

United States District Court
D. Montana,
Great Falls Division.
June 23, 1967.

Moody Brickett, U. S. Atty. for Dist. of Montana, Donald A. Douglas, Asst. U. S. Atty., Butte, Mont., for plaintiff.

Dorothy A. Hatfield, Great Falls, Mont., for defendant.

## OPINION AND ORDER

RUSSELL E. SMITH, District Judge.

The defendant was indicted in a one count indictment [1] for wilfully and knowingly possessing a firearm which had not been registered as required by 26 U.S.C. § 5841. The defendant has moved to dismiss the indictment on the grounds that it was vague, indefinite and uncertain, did not fully apprise the defendant of the charge, and that the charge as drawn violated defendant's Fifth Amendment privilege against self-incrimination. In support of his constitutional claim, the defendant cites Dugan v. United States, 7 Cir. 1965, 341 F.2d 85, wherein the seventh circuit held § 5841 unconstitutional when charged in an information alleging that, in violation of 26 U.S. C. § 5841, the defendant did possess a firearm with a barrel less than eighteen (18) inches in length.[2]

In Russell v. United States, 9 Cir. 1962, 306 F.2d 402, cited in Dugan, supra, note 2, the Ninth Circuit held

---

1. The indictment reads:
   "Criminal No. 9345 (26 U.S.C. § 5851) * * * that on or about the 2nd day of December, 1966, in the District of Montana, Roger Joseph Boy wilfully and knowingly did possess a firearm; that is, a .22 caliber rifle with the stock thereof sawed off to form a pistol grip, having a barrel length of approximately five and three-quarters inches, and an overall length of less than 26 inches, which had not been registered with the Secretary of the Treasury or his delegate, as required by § 5841, Title 26, United States Code. * * *"

2. "It is apparent that registration is required under § 5841 only where another section of the Act has not been complied with. Registration would be admission that another section or other sections of the Act had been violated and might support a conviction by a court.
   "We agree with the contention of petitioner that the registration requirement of § 5841 violates the privilege against self-incrimination established by the fifth amendment to the United States Constitution. Hence he was entitled in his § 2255 proceeding to have the judgment against him vacated.
   "In arriving at this decision we are in agreement with the 9th Circuit Court of Appeals in Russell v. United States, 306 F.2d 402 (1962)." Dugan v. United States, supra, 341 F.2d at 86–87.

§ 5841 unconstitutional when used as the basis for an information alleging possession of a firearm which the defendant failed to register. However, in cases subsequent to the *Russell* decision and subsequent to the 1958 amendment to § 5851.[3] the Ninth Circuit has upheld convictions for *possession of unregistered firearms* in violation of 26 U.S.C. § 5851 (as opposed to *Russell,* where the charge was possession of a firearm which *the defendant failed to register*). Frye v. United States, 9 Cir. 1963, 315 F.2d 491; Starks v. United States, 9 Cir. 1963, 316 F.2d 45. *Russell* is distinguished in *Starks,* at pages 45 and 46 of 316 F.2d where the court rejected a contention similar to that made here:

> "Appellant's contention is based upon our decision in Russell v. United States, 9 Cir. 1962, 306 F.2d 402. In that case we held that section 5841, which required every person possessing a firearm to register it, is unconstitutional because by the act of registering, the possessor necessarily incriminates himself. Appellant urges that it follows from this decision that the portion of section 5851 here involved is also unconstitutional for the same reason. * * *

> "This same contention was presented to us in the recent case of Frye v. United States, 9 Cir. 1963, 315 F.2d 491. We rejected the contention, pointing out that the defendant was not charged with failing to register the weapon, as was the defendant Russell, but was charged with possession of an unregistered weapon. Section 5841, considered in Russell, makes it an offense to fail to register, and we held in Russell that to that extent, it is invalid. It is the possession of a gun that no one has registered, not the failure by appellant to register, that is the essence of the offense with which appellant was charged in this case. Appellant did not have to accept or acquire possession of the gun, and when he did so, that gun not having been registered by any one, the offense was complete. We adhere to the views expressed in Frye." [4]

 The defendant's contention that the indictment does not adequately apprise him of the nature of the offense with which he is charged is without merit. Rule 7(c) F.R.Crim.P. and Cf. Wright v. United States, 6 Cir. 1957, 243 F.2d 546. The defendant's motions to dismiss are denied.

---

3. The 1958 amendment made it unlawful "to possess any firearm which has not been registered as required by § 5841."

4. Accord: Pruitt v. United States, 6 Cir. 1966, 364 F.2d 826; United States v. Forgett, 6 Cir. 1965, 349 F.2d 601, cert. denied, 383 U.S. 926, 86 S.Ct. 929, 15 L.Ed.2d 845 (1966); Castellano v. United States, 10 Cir. 1965, 350 F.2d 852.