Geodice GILLESPIE, Petitioner-
Appellant,

v.

UNITED STATES of America,
Respondent-Appellee.

No. 17125.

United States Court of Appeals
Seventh Circuit.

April 2, 1969.

Geodice Gillespie, Edmond J. Leeney,
Patrick J. Galvin, Hammond, Ind., for
appellant.

Alfred W. Moellering, U. S. Atty.,
Hammond, Ind., for appellee.

Before CASTLE, Chief Judge, FAIR-
CHILD, Circuit Judge, and HOFFMAN,
District Judge.

CASTLE, Chief Judge.

This appeal arises from the denial by
the District Court of petitioner's motion
to vacate his sentence, under 28 U.S.C. §
2255. Petitioner, upon his plea of guil-
ty, was convicted of violating 26 U.S.C.
§ 5851 [1] by possessing a firearm which
had not been registered pursuant to 26
U.S.C. § 5841.[2] Petitioner contends that

1. Section 5851 provides that "It shall be
unlawful for any person to receive or pos-
sess any firearm which has at any time
been transferred in violation of sections
5811, 5812(b), 5813, 5814, 5844, or 5846,
or which has at any time been made in
violation of section 5821, or to possess
any firearm which has not been registered
as required by section 5841. Whenever
on trial for a violation of this section the
defendant is shown to have or to have had
possession of such firearm, such posses-
sion shall be deemed sufficient evidence to
authorize conviction, unless the defendant

explains such possession to the satisfac-
tion of the jury."

2. Section 5841 provides that "Every per-
son possessing a firearm shall register,
with the Secretary or his delegate, the
number or other mark identifying such
firearm, together with his name, address,
place where such firearm is usually kept,
and place of business or employment, and,
if such person is other than a natural
person, the name and home address of an
executive officer thereof. No person
shall be required to register under this

the combination of Dugan v. United States, 341 F.2d 85 (7th Cir. 1965), which held § 5841 unconstitutional on the ground that it required disclosure of incriminating evidence in violation of the Fifth Amendment,[3] and Haynes v. United States, 390 U.S. 85, 88 S.Ct. 722, 19 L.Ed.2d 923 (1968), which held that § 5841 and § 5851 must be read together, results in the conclusion that both sections are unconstitutional.

We are of the opinion, however, that a full reading of both of the above cases discloses that *Haynes*, in effect, overruled *Dugan* and the other cases cited by petitioner insofar as they declared § 5841 unconstitutional on its face. The court in *Haynes* reversed, a conviction for violating § 5851, and in so doing overruled a line of cases which had distinguished § 5841 from § 5851. The Court stated:

> "We are unable to escape the conclusion that Congress intended the registration clause of § 5851 to incorporate the requirements of § 5841, by declaring unlawful the possession of any firearm which has not been registered by its possessor, in circumstances in which § 5841 imposes an obligation to register. The elements of the offenses created by the two sections are therefore identical.
>
> \*     \*     \*     \*     \*     \*
>
> " \* \* \* We hold that petitioner's conviction under the registration clause of § 5851 is not properly distinguishable from a conviction under § 5841 for failure to register, and that both offenses must be deemed subject to any constitutional deficiencies aris-

ing under the Fifth Amendment from the obligation to register." 390 U.S. at 94–95, 88 S.Ct. at 729.

The Court then went on to hold that since "there are a number of apparently uncommon circumstances in which registration is required of one who has not violated the Firearms Act"[4] (and therefore such registration would not be incriminating) it would be

> " \* \* \* inappropriate, in the absence of evidence that the exercise of protected rights would otherwise be hampered, to declare these sections impermissible on face. Instead, it appears, from the evidence now before us, that the rights of those subject to the Act will be fully protected if a proper claim of privilege is understood to provide a full defense to any prosecution either for failure to register under § 5841 or, under § 5851, for possession of a firearm which has not been registered.
>
> \*     \*     \*     \*     \*     \*
>
> "We hold that a proper claim of the constitutional privilege against self-incrimination provides a full defense to prosecutions either for failure to register a firearm under § 5841 or for possession of an unregistered firearm under § 5851." 390 U.S. at 99, 100, 88 S.Ct. at 732.

From the foregoing, it is clear that the Supreme Court decided that neither § 5841 nor § 5851 is unconstitutional on its face,[5] and that a proper claim of the privilege against self-incrimination must be seasonably asserted to constitute a defense to a prosecution under §

---

section with respect to a firearm which such person acquired by transfer or importation or which such person made, if provisions of this chapter applied to such transfer, importation, or making, as the case may be, and if the provisions which applied thereto were complied with."

3. Petitioner also cites other cases which have held § 5841 unconstitutional, including Lovelace v. United States, 357 F.2d 306 (5th Cir. 1966) and Deckard v. United States, 381 F.2d 77 (8th Cir. 1967).

4. The Government in *Haynes* pointed chiefly to the situation of a finder of a lost or abandoned firearm. 390 U.S. at 96, 99, 88 S.Ct. 722, 731.

5. The express language of the Supreme Court refutes petitioner's contention that that Court refused to hold the statutes unconstitutional on face on the basis that the defendant there had raised the privilege at trial. The holding, to which we are bound, that §§ 5841 and 5851 are not unconstitutional on face was compelled by the reasoning discussed above.

5851 or § 5841. Therefore, since the petioner in the instant case failed to assert the privilege at trial, and instead voluntarily pleaded guilty, the judgment below, denying his motion to vacate, was correct. The fact that petitioner did not know of the defense at the time he pleaded guilty is neither asserted by petitioner as a ground for reversal, nor is it legally significant, since a guilty plea is "an honest confession of guilt and a waiver of all defenses known and unknown." Edwards v. United States, 103 U.S.App.D.C. 152, 256 F.2d 707, 709 (D.C. Cir. 1958). See also United States v. Hetherington, 279 F.2d 792, 796 (7th Cir. 1960), cert. den. 364 U.S. 908, 81 S. Ct. 271, 5 L.Ed.2d 224.

For the foregoing reasons, the judgment below is affirmed.

The Court expresses its appreciation to Attorneys Edmond J. Leeney and Patrick J. Galvin, members of the Hammond, Indiana bar, for their excellent services on appeal as court-appointed counsel for petitioner.

Affirmed.