UNITED STATES of America,
Plaintiff-Appellee,

v.

Mickey MICHAEL, Defendant-Appellant.

No. 17352.

United States Court of Appeals,
Seventh Circuit.

April 3, 1970.

Rehearing Denied July 15, 1970.

Jeffrey J. Kennedy, Chicago, Ill., for defendant-appellant.

Alfred W. Moellering, U. S. Atty., Fort Wayne, Ind., for plaintiff-appellee.

Before SWYGERT, Chief Judge, FAIRCHILD, Circuit Judge, and MORGAN, District Judge.*

SWYGERT, Chief Judge.

On January 13, 1967 the grand jury indicted the defendant for possession of a sawed-off shotgun which had not been registered with the Secretary of the Treasury as required by 26 U.S.C. §

---

* Judge Robert D. Morgan is sitting by designation from the United States District Court for the Southern District of Illinois.

5841,[1] in violation of 26 U.S.C. § 5851.[2] Defendant, who was represented by counsel, pleaded guilty to the charge and was sentenced to five years imprisonment.

Nine months later, the Supreme Court handed down its decision in Haynes v. United States, 390 U.S. 85, 88 S.Ct. 722, 19 L.Ed.2d 923 (1968), which held that, except in certain "uncommon circumstances", prosecution under § 5841 or § 5851 violated the fifth amendment privilege against self-incrimination since the required registration would most always be incriminatory. Thereafter, defendant filed a motion pursuant to Rule 32(d), Fed.R.Crim.P.,[3] to withdraw his guilty plea on the ground, among others, that his counsel had not informed him at the time the plea was entered of the possible defense of self-incrimination. From the denial of that motion defendant brings this appeal.

■ The first issue is whether the new constitutional rule contained in the *Haynes* decision should be applied retroactively. The criteria for making this determination have been set forth by the Supreme Court in *Stovall v. Denno,* 388 U.S. 293, 297, 87 S.Ct. 1967, 18 L.Ed.2d 1199: "(a) the purpose to be served by the new standards, (b) the extent of the reliance by law enforcement authorities on the old standards, and (c) the effect on the administration of justice of a retroactive application of the new standards."

These criteria were recently applied by the Fourth Circuit in a case practically identical with that presently before us. *United States* v. *Miller,* 406 F.2d 1100 (4th Cir. 1969). In a scholarly opinion, Judge Sobeloff, writing for a unanimous court, held that the *Haynes* decision should be applied retroactively since: (a) the purpose of the new rule affected the fundamental fairness of the trial and the rule's application would lead to a different result in most cases; (b) *Haynes* had no effect on state prosecutions and many lower court decisions foreshadowed *Haynes*[4]; and (c),

> Unlike new constitutional rules which could affect a great volume of past criminal convictions in all jurisdictions, the *Haynes* rule affects only federal convictions and involves a limited number of offenses. The delicate problem of federal intrusion into the states' administration of their criminal laws does not arise here. The federal government's tenuous interest in the continued imprisonment of defendants convicted under a statute inher-

1. Section 5841 provides:
   Every person possessing a firearm shall register, with the Secretary or his delegate, the number or other mark identifying such firearm, together with his name, address, place where such firearm is usually kept, and place of business or employment, and, if such person is other than a natural person, the name and home address of an executive officer thereof. No person shall be required to register under this section with respect to a firearm which such person acquired by transfer or importation or which such person made, if provisions of this chapter applied to such transfer, importation, or making, as the case may be, and if the provisions which applied thereto were complied with.

2. Section 5851 provides:
   It shall be unlawful for any person to receive or possess any firearm which has at any time been transferred in violation of sections 5811, 5812(b), 5813, 5814, 5844, or 5846, or which has at any time been made in violation of section 5821, or to possess any firearm which has not been registered as required by section 5841. Whenever on trial for a violation of this section the defendant is shown to have or to have had possession of such firearm, such possession shall be deemed sufficient evidence to authorize conviction, unless the defendant explains such possession to the satisfaction of the jury.

3. Rule 32(d) provides:
   Withdrawal of Plea of Guilty. A motion to withdraw a plea of guilty or of *nolo contendere* may be made only before sentence is imposed or imposition of sentence is suspended; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his plea.

4. The court cited: Deckard v. United States, 381 F.2d 77 (8th Cir. 1967); Lovelace v. United States, 357 F.2d 306 (5th Cir. 1966); Dugan v. United States,

ently at war with a basic constitutional right should not stand in the way of retroactive application of the *Haynes* rule. 406 F.2d at 1105.

We agree with the Fourth Circuit's ruling on this point and accordingly hold that *Haynes* should be applied retroactively.

 The next issue involves the effect of defendant's failure to assert the defense of self-incrimination and of his plea of guilty. While a guilty plea is generally viewed as a waiver of certain constitutional rights, including the privilege against self-incrimination, "[f]or this waiver to be valid under the Due Process Clause, it must be 'an intentional relinquishment or abandonment of a known right or privilege.' Johnson v. Zerbst, 304 U.S. 458, 464, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938)." McCarthy v. United States, 394 U.S. 459, 466, 89 S. Ct. 1166, 22 L.Ed.2d 418 (1969). We are of the opinion that defendant's failure to assert the defense of self-incrimination, which was not known to him at the time he pleaded guilty, was not such an "intentional relinquishment or abandonment of a known right or privilege" as to overcome the presumption against waiver of fundamental constitutional rights. See Johnson v. Zerbst, *supra*, 304 U.S. at 464, 58 S.Ct. at 1023.

 We agree with the conclusion reached by the court in United States v. Miller, *supra*, 406 F.2d at 1105,[5] that here "as in Grosso v. United States, 390 U.S. 62, 70–71, 88 S.Ct. 709, 19 L.Ed.2d 906 (1968) and Greenwood v. United States, 392 F.2d 558 (4th Cir. 1968), there is no evidence to support a finding of waiver other than simple failure to claim the privilege. Such negative evi-

dence is not enough."[6] Since defendant raised the issue of self-incrimination at the earliest possible time after that defense became availabe to him, he should not be deemed to have waived his fifth amendment right. Drennon v. United States, 393 F.2d 342, 344 (8th Cir. 1968).

We therefore reverse and remand the instant case to the district court with directions to allow defendant to withdraw his guilty plea and assert his privilege against self-incrimination.

The court expresses its appreciation to Jeffrey J. Kennedy, a member of the Illinois bar, for his excellent and dedicated services as court-appointed counsel for the appellant.

---

341 F.2d 85 (7th Cir. 1965); Russell v. United States, 306 F.2d 402 (9th Cir. 1962).

5. Accord, United States v. Lucia, 416 F.2d 920, 924 (5th Cir. 1969); Drennon v. United States, 393 F.2d 342, 344 (8th Cir. 1968).

6. In the instant case, the Government relies solely on this court's opinion in Gillespie v. United States, 409 F.2d 511 (7th

Cir. 1969), as support for affirmance. In that case, however, the petitioner argued only that section 5851 was unconstitutional on its face. We held that, on the basis of the *Haynes* decision, neither section 5851 nor section 5841 of Title 26 was unconstitutional "on face." To the extent that the further dicta in the *Gillespie* opinion is inconsistent with our holding in the instant case, it must be overruled.