**Malvin DAVIE, Jr., Petitioner-Appellant,**

v.

**UNITED STATES of America, Respondent-Appellee.**

**No. 18180.**

United States Court of Appeals, Seventh Circuit.

July 12, 1971.

Malvin Davie, Jr., pro se.

William J. Bauer, U. S. Atty., Chicago, Ill., for appellee.

Before KILEY, FAIRCHILD and PELL, Circuit Judges.

KILEY, Circuit Judge.

The district court dismissed petitioner Davie's motion under 28 U.S.C. § 2255, and Davie has appealed pro se. The appeal was taken upon the record without briefs or argument. We affirm.

On June 16, 1967, Davie pled guilty under two counts of an indictment charging narcotics violation under 26 U.S.C. § 4742(a), and two counts under 21 U.S.C. § 176a. Sentences were imposed on the several counts to run concurrently with each other and with an Illinois sentence Davie was then serving.

After sentence on September 11, 1968, Davie filed a habeas corpus petition.[1] In that proceeding the district court dismissed the petition because the transcript of the arraignment and plea showed conclusively—contrary to Davie's contention—that he was fully informed of the charges against him. Subsequently Davie filed a second motion under § 2255 based on claims of unconstitutionality of 26 U.S.C. § 4742(a) and 21 U.S.C. § 176a. The district court held that the claims were waived by the guilty pleas and dismissed the petition.

The district court thereafter sua sponte vacated the second dismissal judgment in order to consider the applicability of Santos v. United States, 417

---

1. Both that petition and the one before us were treated by the district court as motions under 28 U.S.C. § 2255.

F.2d 340 (7th Cir. 1969) (*Santos I*), which declared § 4742(a) unconstitutional. After briefs were filed the court again dismissed the § 2255 motion on the basis of this court's decision in Gillespie v. United States, 409 F.2d 511 (7th Cir. 1969), which held that a plea of guilty waived any claim of unconstitutionality.[2]

However, subsequently this court in Santos v. United States, 426 F.2d 244 (7th Cir. 1970) (*Santos II*), vacated its earlier decision—in view of Buie v. United States and Minor v. United States, 396 U.S. 87, 90 S.Ct. 284, 24 L. Ed.2d 283 (1969)—and held that the district court properly denied a § 2255 motion which was based on a claim that 26 U.S.C. § 4742(a) was unconstitutional because it exposed movant to appreciable risks of self-incrimination.

■ We think that holding disposes of the contention that § 4742(a) is unconstitutional; and that the pleas of guilty to the § 4742(a) charges support the conviction and sentence as to those charges. United States v. Escobedo, 430 F.2d 14 (7th Cir. 1970).

Davie also claims that his plea was involuntary because if he had known when he pled guilty in 1967 that the presumption in 21 U.S.C. § 176a was unconstitutional he would not have entered the plea and that his plea was accordingly not understandingly and intelligently made. Although defendant's sentences on the § 176a charges were made concurrent to his valid sentences under § 4742(a), we prefer—in light of the doubt cast on the continuing viability of the "concurrent sentence rule" by Benton v. Maryland, 395 U.S. 784, 791, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969)—to decide the question of the validity of defendant's conviction under § 176a.

■ The district court held that the fact that the presumption in the statute would later be held unconstitutional does not affect the elements of the crime, but merely the required proof; and that therefore defendant by his plea waived his right to have the government prove its case. We agree with this conclusion. Section 176a was not invalidated constitutionally in toto by the Supreme Court's decision in Leary v. United States, 395 U.S. 6, 89 S.Ct. 1532, 23 L. Ed.2d 57 (1969). The Supreme Court held unconstitutional only that part of the presumption in § 176a which "relates to a defendant's knowledge of illegal importation" of marijuana. The *Leary* decision does not completely bar prosecution under § 176a; it merely puts the government to a more rigorous proof. Defendant's plea here admitted the facts alleged, including illegal importation and guilty knowledge, and waived the right to require the government to prove these elements. We do not know whether absent the plea, the government could or could not have proven defendant's knowledge. We hold that defendant's plea of guilty to the § 176a charge supports the conviction and sentence as to this charge. Mejia v. United States, 430 F.2d 1273 (5th Cir. 1970); Yohey v. United States, 429 F.2d 1279 (5th Cir. 1970).

This case is distinguished from cases where a defendant's exercise of his Fifth Amendment right not to incriminate himself would be a complete defense to prosecution, such as in United States v. Liguori, 430 F.2d 842 (2nd Cir. 1970), involving 26 U.S.C. § 4744(a), or in United States v. Michael, 426 F.2d 1067 (7th Cir. 1970), involving 26 U.S. C. § 5841. In those cases it is clear that defendant would not have pled guilty had he known of his right to assert the

2. The Supreme Court has since vacated the judgment in *Gillespie* and remanded the case for reconsideration in light of the Supreme Court's decision in Haynes v. United States, 390 U.S. 85, 88 S.Ct. 722, 19 L.Ed.2d 923 (1968), and United States v. United States Coin and Currency, 401 U.S. 715, 91 S.Ct. 1041, 28 L. Ed. 434 (filed April 5, 1971). In United States v. Michael, 426 F.2d 1067 (7th Cir. 1970)—a § 2255 motion to set aside a firearms violation—this court held that the guilty plea by itself does not constitute a waiver of a Fifth Amendment right claim, and overruled dictum in *Gillespie* with respect to the waiver by guilty plea.

privilege as a complete defense. United States v. Liguori, *supra*, at 849. Here, viewing the *Leary* holding retrospectively, if at the time of pleading Davie had the advantage of the *Leary* decision he would not have been faced with the presumption and could have put the government to proof of his knowledge of the illegal importation. But we cannot now say that he would have chosen to do so. Davie, for example, might have known that the government was well prepared to prove his knowledge of illegal importation without benefit of the presumption and might have decided that he could benefit from entering his guilty plea.

Affirmed.