**Thadeaus Roy CULBERSON, Petitioner-Appellant,**

v.

**Louie L. WAINWRIGHT, Director, Division of Corrections, State of Florida, Respondent-Appellee.**

**No. 71-3081**

**Summary Calendar.**[*]

United States Court of Appeals, Fifth Circuit.

Jan. 10, 1972.

Rehearing Denied Feb. 10, 1972.

---

[*] Rule 18, 5th Cir., Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5th Cir. 1970, 431 F.2d 409, Part I.

Thadeaus R. Culberson, pro se.

Robert L. Shevin, Atty. Gen. of Fla., Tallahassee, Fla., P. A. Pacyna, Asst. Atty. Gen., Tampa, Fla., for respondent-appellee.

Before THORNBERRY, MORGAN and CLARK, Circuit Judges.

PER CURIAM:

Thadeaus Roy Culberson appeals from an order of the district court denying his petition for a writ of habeas corpus. We affirm.

On January 24, 1967, the petitioner was arrested in St. Petersburg, Florida, and charged under city ordinances with simple assault and public intoxication. On January 25, 1967, he was arraigned in municipal court and pleaded not guilty. On the same day, he was convicted and sentenced to a total of 25 days in the city jail. On January 29, 1967, the victim died after developing pneumonia. On February 8, 1967, the petitioner was indicted for first degree murder. After the charge was reduced to second degree murder, the jury convicted him of manslaughter and on September 7, 1967, he was sentenced to 20 years imprisonment. The District Court of Appeals affirmed the conviction. Culberson v. State, Fla.App.1968, 210 So.2d 248, cert. denied, Fla.1968, 218 So.2d 171. After exhausting state remedies, petitioner filed his habeas corpus petition in the court below contending that the trial and conviction for manslaughter amounted to double jeopardy because it arose out of the same criminal episode as the assault conviction. The district court denied the petition without an evidentiary hearing.

██ In Waller v. Florida, 397 U.S. 387, 90 S.Ct. 1184, 25 L.Ed.2d 435 (1970), the United States Supreme Court held that generally the State of Florida and its municipalities are not separate sovereign entities, and a conviction in a municipal court for an offense precludes a subsequent trial in a state court for an offense arising out of the same criminal episode. However, there is a recognized exception for other crimes arising out of the same criminal episode when a crime is not completed at the time of the first trial. This was recognized by the Supreme Court in Diaz v. United States, 1912, 223 U.S. 442, 32 S.Ct. 250, 56 L.Ed. 500.

*Diaz* stands for two propositions. First, lack of jurisdiction over the offense charged in a subsequent trial may prevent jeopardy from attaching to the first prosecution. *See* Bacom v. Sullivan, 5th Cir. 1952, 200 F.2d 70; Grear v. Maxwell, 6th Cir. 1966, 355 F.2d 991. At least by implication, this proposition has been rejected in *Waller*.

 Secondly, jeopardy will not attach to the first trial of an offense arising out of the same criminal episode where, at the time of the first prosecution, the offense was not completed.[1]

---

[1] This position is correct at least in cases in which the first prosecution has resulted in a conviction. We express no opinion on whether a person could be tried for a homicide after having been acquitted on the charge of assault and battery on the same victim. *See* Ashe v. Swenson, 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970).

Specifically *Diaz* held that prosecution for homicide after a conviction for an assault and battery from which death subsequently ensued does not place the accused twice in jeopardy. This second proposition was in no way affected by *Waller*[2] and is directly contrary to petitioner's position.

Affirmed.

2. Justice Brennan, joined by Justices Douglas and Marshall, concurring in Ashe v. Swenson, 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970), decided on the same day as *Waller*, recognized the continued validity of the exception as he stated:

> For example, where a crime is not completed or not discovered, despite diligence on the part of the police, until after the commencement of a prosecution for other crimes arising from the same transaction, an exception to the "same transaction" rule should be made to permit a separate prosecution.

397 U.S. at 453, n. 7, 90 S.Ct. at 1199.