**Samuel Ed ROBINSON**

v.

**William S. NEIL, Warden, Tennessee State Penitentiary.**

**Civ. A. No. 5887.**

United States District Court,
E. D. Tennessee, S. D.

Nov. 19, 1973.

James D. Robinson, Chattanooga, Tenn., for petitioner.

David M. Pack, Atty. Gen., Nashville, Tenn., Edward E. Davis, Dist. Atty. Gen., Chattanooga, Tenn., for respondent.

## OPINION

FRANK W. WILSON, Chief Judge.

This is a proceeding upon a petition for a writ of habeas corpus wherein the petitioner seeks to set aside his convictions and sentences in three cases, each entitled "State of Tennessee v. Samuel Ed Robinson," being Docket No. 103,-810, No. 103,811, and No. 103,812 in the Criminal Court for Hamilton County, Tennessee. The petitioner was indicted in each of these cases for assault with intent to commit murder, entered pleas of guilty, and was sentenced to two consecutive sentences of two to ten years and one consecutive sentence of three to five years. It is conceded that prior to the petitioner's state court indictment and convictions in the three cases here under attack, the petitioner had previously been tried, convicted and

fined for three offenses of assault and battery in violation of an ordinance of the City of Chattanooga, Tennessee, the three municipal court convictions having arisen out of the same occurrences giving rise to the three state court convictions. The petitioner's sole contention is that he has been twice placed in jeopardy for the same offenses in violation of the Fifth and Fourteenth Amendments to the United States Constitution, and that he is accordingly entitled to have his three aforesaid state convictions set aside and to be released from custody thereunder. His contentions in this regard are founded upon Waller v. Florida, 397 U.S. 387, 90 S.Ct. 1184, 25 L. Ed.2d 435 (1970), in which the United States Supreme Court held that state and municipal convictions derive from the same sovereignty and are therefore indistinguishable for double jeopardy purposes.

There have been extensive prior proceedings in this case. A history of these proceedings is set forth in a prior opinion of this Court as reported in Robinson v. Neil, 320 F.Supp. 894 (E.D. Tenn.1971), where the issue then before the Court was as to whether the Waller decision should receive retrospective application, the petitioner's convictions here involved having occurred in 1962, long prior to the enunciation of the rule in Waller. In its former decision hereinabove just referred to, this Court held that the rule in Waller must be given retrospective application, and granted relief. Upon appeal by the respondent, the Sixth Circuit concluded otherwise and reversed. See Robinson v. Neil, 452 F.2d 370 (6th Cir. 1971). Certiorari was granted by the Supreme Court, and it in turn reversed the Court of Appeals and affirmed this Court, holding that Waller was indeed to be accorded full retroactive effect. Robinson v. Neil, 409 U.S. 505, 93 S.Ct. 876, 35 L.Ed.2d 29 (1973). However, the case was remanded to this Court to consider an issue newly injected in the Supreme Court of "whether the state and municipal prosecutions were actually for the same of-

fense." 409 U.S. at 511, 93 S.Ct. at 879, 35 L.Ed.2d 29 at 34.

■ The case having been remanded, the respondent now seeks in its brief to inject for the first time the further contention that the petitioner waived his right to assert the defense of double jeopardy by having entered pleas of guilty in the state court criminal proceedings now under attack. The Court is of the opinion, however, that this contention is untimely and that the waiver in this instance is upon the part of the respondent. Not only did the respondent fail to previously assert the issue of waiver by plea either in the former trial or appellate stages of this case, but in his original answer the respondent affirmatively represented that

"The only question presented by this petition is whether this Court should apply the holding of the Waller v. Florida, 38 L.W. 4263 [397 U.S. 387, 90 S.Ct. 1184, 25 L.Ed.2d 435] (April 6, 1970) retrospectively. Respondent denies that such action should be taken in view of the criteria for such as laid down in Linkletter v. Walker, [381 U.S. 618] 85 S.Ct. 1731, [14 L. Ed.2d 601] and in many cases since that opinion was handed down, as set out in the brief filed herewith."

Furthermore, the sole purpose expressed in the mandate of the Supreme Court in remanding this case was to give the State an opportunity to argue the issue of "whether the state and municipal prosecutions were actually for the same offense." Finally, it should be noted that the waiver by plea defense now sought to be injected into the lawsuit is by no means an issue readily resolvable in favor of the respondent's position. Rather, an issue of first impression would exist as to whether the plea of guilty would waive the right of a convicted person to later assert the constitutional defense of double jeopardy where that defense was not in existence at the time the plea was entered, but only became available by reason of a later constitutional decision of the United States Supreme Court, which decision

was made retroactive in its application. Under such circumstances, and where double jeopardy is the constitutional right involved, reasons may well exist that would render nonapplicable the waiver by plea rule laid down in such cases as Brady v. United States, 397 U. S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970), McMann v. Richardson, 397 U. S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970), Parker v. North Carolina, 397 U.S. 790, 90 S.Ct. 1458, 25 L.Ed.2d 785 (1970), and Tollett v. Henderson, 411 U.S. 258, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973). See in this regard United States v. Liquori, 430 F.2d 842 (2d Cir. 1970), cert. den., 402 U.S. 948, 91 S.Ct. 1614, 29 L.Ed.2d 118; Hupert v. United States, 448 F.2d 668 (8th Cir. 1971); Scogin v. United States, 446 F.2d 416 (8th Cir. 1971). See also Davie v. United States, 447 F.2d 480 (7th Cir. 1971).

■ Returning to the issue of whether the petitioner's municipal and state court convictions were for the "same offense", it should be noted that it has been stipulated by the parties that the offense of assault and battery for which the petitioner was convicted in municipal court is a lesser included offense to assault with intent to commit murder, the offense for which he was convicted in the state court. Thus, the issue presented is whether the conviction for the lesser included offense of assault and battery barred the subsequent prosecution for the greater offense of assault with intent to commit murder. The substance of the respondent's position is that the "same evidence" test must be utilized to determine the identity of the offenses, and that the use of that test will preclude a finding that the petitioner was twice placed in jeopardy for the same offense.

The respondent also seeks to contend that municipal court convictions in Tennessee are civil in nature, with the result that the defense of double jeopardy is not appropriate to them. See City of Nashville v. Baker, 167 Tenn. 661, 73 S. W.2d 169 (1934). This contention is clearly without merit in view of the re-

cent Tennessee Supreme Court decision in Pettyjohn v. State, Tenn. (decided June 4, 1973), wherein that court applied the double jeopardy rule of Waller v. Florida, *supra,* to a Tennessee municipal court conviction, thereby recognizing such convictions as criminal in nature. *See also* Douglas v. Nixon, 459 F.2d 325 (6th Cir. 1972), *cert. den.,* 409 U.S. 1010, 93 S.Ct. 453, 34 L.Ed.2d 303.

In determining the identity of the offenses for the purpose of establishing double jeopardy, two tests have been utilized by the courts—the "same transaction" test and the "same evidence test." Justice Brennan has stated the "same transaction" test as follows:

"In my view, the Double Jeopardy Clause requires the prosecution, except in most limited circumstances, to join at one trial all the charges against a defendant that grow out of a single criminal act, occurrence, episode, or transaction." Ashe v. Swenson, 397 U.S. 436, 453–454 90 S.Ct. 1189. 25 L.Ed.2d 469, 481 (1970). (concurring opinion) *See also* Grubb v. Oklahoma, 409 U.S. 1017, 93 S.Ct. 450, 34 L.Ed.2d 309, 310 (1972) (Dissenting opinion.)

The essential purpose of the test is to prevent vexatious multiple prosecutions, and the test was created to solve the problems created by multiple violations of criminal statutes arising out of one transaction or episode. Although Justice Brennan, joined by Justice Douglas and Justice Marshall, has advocated the abandonment of the "same evidence" test in favor of the "same transaction" test, *see* Ashe v. Swenson, *supra*; Grubb v. Oklahoma, *supra*; Harris v. Washington, 404 U.S. 55, 92 S.Ct. 183, 30 L.Ed.2d 212 (1971) (concurring opinion), it is clear that a majority of the members of the Supreme Court favor retention of the "same evidence" test and that it is the generally applied rule in the United States today. The test is often stated in terms of whether the evidence that would have warranted a conviction on the first charge would also warrant a conviction on the second charge or in

terms of whether different evidence is required to establish *either* charge. More correctly, as stated by Justice Sutherland in the case of Blockburger v. United States, 284 U.S. 299, 304, 52 S. Ct. 180, 182, 76 L.Ed. 306, 309 (1932), the rule is as follows:

"Where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether *each* provision requires proof on an additional fact which the other does not." (Emphasis added)

*See also* Harris v. Washington, 404 U.S. 55, 92 S.Ct. 183, 30 L.Ed.2d 212 (1971); Gore v. United States, 357 U.S. 386, 78 S.Ct. 1280, 2 L.Ed.2d 1405 (1958); United States v. Engle, 458 F.2d 1021 (6th Cir. 1972), *cert. den.,* 409 U.S. 863, 93 S.Ct. 154, 34 L.Ed.2d 111; Riadon v. United States, 274 F.2d 304, 306 (6th Cir. 1960), *cert. den.,* 364 U.S. 896, 81 S.Ct. 225, 5 L.Ed.2d 189.

A typical application of the rule may be found in Hattaway v. United States, 399 F.2d 431 (5th Cir. 1968). There the defendant was first tried for kidnaping and was acquitted. For the same general conduct, he was then prosecuted under the Mann Act and found guilty. Even though the same conduct was the basis of both prosecutions, the Fifth Circuit affirmed the conviction, holding that the Lindberg Kidnaping Law (18 U.S.C. § 1201) and the Mann Act (18 U.S.C. § 2421) were separate statutory provisions, each requiring separate items of proof from the other.

In the present case, conviction of the greater offense requires proof of an additional fact, *i. e.,* intent to commit murder, but, by definition, the lesser offense does not include an additional element. Bearing in mind that the "same evidence" test requires that *each* offense must entail the "proof of an additional fact which the other does not" to render the defense of double jeopardy unavailable, it becomes apparent that a conviction of a lesser included offense bars a subsequent prosecution for the greater

offense. *See* Colle v. Henderson, 350 F. Supp. 1010 (W.D.La.1972); Ekberg v. United States, 167 F.2d 380 (1st Cir. 1948); Wood v. Ross, 434 F.2d 297 (4th Cir. 1970); Giles v. United States, 157 F.2d 588 (9th Cir. 1946); *Cf.* Bell v. Kansas, 452 F.2d 783 (10th Cir. 1971) (*each* statute entailed additional proof of fact); Cox v. Gaffney, 459 F.2d 50 (10th Cir. 1972) (*each* statute entailed additional proof of fact); Percy v. South Dakota, 443 F.2d 1232 (8th Cir. 1971) (*each* statute entailed additional proof of fact). *But see* DuBois v. Hocker, 432 F.2d 549 (9th Cir. 1970) (per curiam). Of course, the case before the Court is not one where the defendant was originally charged with the greater offense and subsequently found guilty of the lesser. It may be noted, however, that in such a case the conviction on the lesser charge operates as an acquittal on the greater charge. Green v. United States, 355 U.S. 184, 78 S.Ct. 221, 2 L. Ed.2d 199 (1957).

As stated by Judge Miller in United States v. Engle, 458 F.2d 1021 at 1025 (6th Cir. 1972):

"[The double jeopardy clause] is intended to prevent vexatious, piecemeal prosecution whether the result of an intent to harrass, a desire to have more than one shot at obtaining a conviction or severe sentence, a mere prosecutorial caprice or carelessness."

If the State were allowed to initiate separate prosecutions against a defendant for every crime up the ladder from the lesser to the greater offense, the potential for abuse and oppression would be too great to be tolerated in a society concerned for the rights of the individual. The double jeopardy clause stands as a bar to such a potential.

Finally, although not cited by either party to this litigation, the Court feels constrained to note the Supreme Court's decision in Diaz v. United States, 223 U.S. 442, 32 S.Ct. 250, 56 L.Ed. 500 (1911), which involved a defendant who was initially convicted of assault and battery before a justice of the peace in the Phillipine Islands. Subsequently his victim died, and the defendant was convicted of murder. The Court held that the intervening death precluded any double jeopardy problem, but then went further to note by way of dicta that no claim of double jeopardy would lie where the first court, in this case a justice of the peace court, had no jurisdiction to try the greater offense.

In Culberson v. Wainwright, 453 F.2d 1219 (5th Cir. 1972), the Fifth Circuit held that the jurisdictional language in *Diaz* was rejected by implication in Waller v. Florida, *supra*. To this decision the Supreme Court denied *certiorari*, 407 U.S. 913, 92 S.Ct. 2449, 32 L.Ed. 2d 688 (1972). This Court, however, finds it difficult to follow the rationale of the *Culberson* case. *Waller* was expressly limited to an examination of the "dual sovereignty" theory in a state-municipal context and made no mention of the respective jurisdiction of the two courts. *Diaz* on the other hand came out of the Philippine Islands where dual sovereignty was not in issue. *See* Grafton v. United States, 206 U.S. 333, 27 S.Ct. 749, 51 L.Ed. 1084 (1907) (rejecting the concept of "dual sovereignty" in the Philippine Islands). The jurisdictional language in *Diaz* has been followed, however, in Lemieux v. Robbins, 414 F.2d 353 (1st Cir. 1969); Grear v. Maxwell, 355 F.2d 991 (6th Cir. 1966), (per curiam) and Bacon v. Sullivan, 200 F.2d 70 (5th Cir. 1952), *cert. den.*, 345 U.S. 910, 73 S.Ct. 651, 97 L.Ed. 1345 (1953).

It is clear that the Constitution prohibits the trial of a person for an offense where he has been previously charged with and convicted of a lesser included offense arising out of the same act or activity. Thus the problem before the Court resolves itself to the question of whether, by limiting the jurisdiction of its courts, a state may deny any individual his constitutional right not to be placed twice in jeopardy for the same offense. *Diaz* is not persuasive in this regard because this issue was not then before the Supreme Court. Similarly, the courts in *Grear* and *Bacom* determined that the defendant had

not been tried for the same offense, so that their comments on jurisdiction were also dicta. This Court is of the opinion that states may not, by the device of creating courts of limited jurisdiction, avoid the constitutional mandate against placing a person twice in jeopardy for the same offense.

The decision reached herein does not impose an undue hardship on the State. It merely requires that the prosecution of individuals accused of criminal activity be managed in such a way that those individuals are not forced to climb a ladder of multiple criminal prosecutions from the "least" included offense to the greatest. In this regard, any breakdown in communications between state and municipal officials forms no justification for depriving an accused person of his right to plead double jeopardy. *See* Waller v. Florida, *supra.* Thus the Court concurs in the result reached in Culberson v. Wainwright, 453 F.2d 1219 (5th Cir. 1972), *cert. den.,* 407 U.S. 913, 92 S.Ct. 2449, 32 L.Ed.2d 688 (1972), though not in its rationale.

A judgment will accordingly enter setting aside the petitioner's convictions and sentences in Criminal Docket No. 103,810, No. 103,811, and No. 103,812 in the Criminal Court for Hamilton County, Tennessee, and the petitioner will be forthwith released from custody and/or supervision by reason of the said convictions and sentences, it being represented unto the Court that the petitioner is now in parole status; provided, however, that the release of the petitioner from further custody and/or supervision will be stayed for a period of ten days following the entry of the judgment on this opinion to permit the respondent time within which to elect whether he shall take an appeal herein or seek any further stay from the appellate court. Should no appeal be filed within ten days, the petitioner will forthwith be released without further conditions upon his release by reason of the aforesaid sentences.